(No. 39133.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* RODNEY AIRMERS, Appellant.

*Opinion filed March 24, 1966.*

J. EDWARD JONES, of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and E. JAMES GILDEA, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

In 1962 the petitioner, Rodney Airmers, pleaded guilty in the criminal court of Cook County to an indictment charging him with the crime of burglary, and was sentenced to the penitentiary for a term of not less than 2 nor more than 4 years. His petition under the Post-Conviction Hearing Act was denied and the case is now here on appeal from the post-conviction judgment.

In the amended post-conviction petition it was alleged that the defendant was illegally arrested; that he was denied the right to call any member of his family, a lawyer or a bondsman; and that he was held in police custody for an unreasonably long time before being taken before a magistrate. It was also alleged that certain confessions obtained while in police custody were coerced. He further charged that he was denied counsel and a court reporter at his preliminary hearing; that his appointed counsel at the time of his plea was incompetent; that his plea of guilty was coerced and that the indictment was insufficient to charge a crime. The State filed a motion to dismiss in which it was claimed that the factual allegations in the petition were insufficient to allege a substantial violation of petitioner's constitutional rights. The motion to dismiss also incorporated the transcript of the proceedings at the time of the plea, the Public Defender's record of his interview with the defendant and a letter the petitioner had written to a police officer while he was in custody. The motion stated that of all the allegations set forth in the amended petition only the claims concerning the coerced character of his confession and the

incompetency of his counsel could possibly be construed as raising constitutional questions, but contended that the plea of guilty was voluntarily entered and was not attributable to any of the conduct alleged in the amended petition. The motion contended that the exhibits which were incorporated therein demonstrated that the petitioner never told his appointed counsel that his confessions were coerced; that he acknowledged his guilt and only requested leniency; and that he was fully admonished as to the consequences of his plea.

A hearing was held on the State's motion to dismiss the amended petition and at the conclusion of the hearing the court stated, "Let's give him a hearing. We will order him back. Motion of State to dismiss is denied." The prosecutor requested that his motion to dismiss stand as an answer to the petition and petitioner's counsel requested that his petion stand as a reply to the answer. These motions were allowed. The court remarked that he was setting the cause for trial and made a notation that no other cases were to be set for that day.

On the day of the hearing counsel for the petitioner reviewed the pleadings and contended that by filing a motion to dismiss the State had admitted all of the allegations of the amended petition and had admitted that the petitioner was entitled to a judgment in his favor. The State renewed its contention that the allegations of the petition were insufficient because they were stated as conclusions rather than fact and because the petition was not supported by affidavits. The State also contended that the record and other exhibits incorporated in its motion established that the allegations of the amended petition were without merit. At the conclusion of these statements by counsel the following proceedings took place:

"THE COURT: Let me put it this way, Mr. Jones. I will deny the State's motion to dismiss so that we can get into the factual matter in this case.

Mr. Jones: What?

The Court: I will give you a right to proceed on your petition. Do you have any evidence?

Mr. Jones: I stand on the petition. It isn't denied, I don't have any duty to prove anything because it is admitted.

The Court: You don't want to proceed with any evidence?

Mr. Jones: In the state of the record at this time, no.

The Court: All right.

Mr. Jones: I would like to say this, however. I wish your Honor would take a look at our allegations. We have set forth certain facts here; these are factual matters we have set up. It isn't that I am waiving any facts, Judge, this is not the point. The point is that the record stands now—

The Court: I am giving both sides an opportunity to proceed with the production of evidence. That is what I am doing. That is the purpose for which I overruled the State's motion to dismiss, to give you a hearing on this.

Mr. Jones: Right. Well, your Honor—

The Court: That is what we are here for today, and I don't think there is any question about the purpose of setting it down for this date.

Mr. Jones: That's right, no question at all. But on the other hand—

The Court: Now let's proceed with the hearing if we have anything to offer.

Mr. Jones: I stand on the petition and the state of the record, your Honor, at this time."

The prosecutor then moved for an order denying the petition and remanding the petitioner to the custody of the warden and the court entered such an order.

On this appeal petitioner renews his argument that

under the terms of the Civil Practice Act, which he contends is applicable here, all allegations of the amended petition which were well pleaded were admitted by the motion to dismiss. He therefore contends that the petitioner was under no obligation to introduce any evidence in support of these allegations and contends that as a matter of law he was entitled to judgment on the pleadings. The petitioner has apparently misconceived the purpose of the Post-Conviction Hearing Act. The act is *sui generis* and provides a new, non-technical remedy whereby prisoners who allege that they were imprisoned in violation of their constitutional rights may obtain a hearing to determine whether any such constitutional violations occurred at the time of their conviction. Where the petitioner's claims are based upon matters of record no extrinsic evidence is required. However, where the claims are based upon matters outside the record, which is the case here as to the claims of coerced confessions, incompetency of counsel and the coerced plea of guilty, it is not the intent of the act that these claims be adjudicated on the pleadings. The function of the pleadings in a proceeding under the act is to determine whether the petitioner is entitled to a hearing. If the trial court determines that the allegations of the petition are sufficient to require a hearing, the petitioner must be afforded an opportunity to prove his allegations. From the proceedings at the time of the hearing on the motion to dismiss and at the time of the second hearing it is clear that the court intended to grant to the petitioner such an opportunity. This is established beyond question by the statement of the court that the matter was being set for trial and that a whole day had been set aside for the hearing and also by the repeated statements of the court at the time of the hearing that he was giving the petitioner a full opportunity to present any evidence he desired in support of the allegations of the petition. Petitioner, represented by retained counsel, refused to present any evidence in support of his claims and elected to

stand upon the allegations of the petition. The petitioner has had his day in court and has been afforded every opportunity to introduce evidence in support of his claim. When he failed to do so the court properly denied the petition. The judgment of the circuit court of Cook County, criminal division, was correct and is affirmed.

*Judgment affirmed.*