(No. 43331.—

The People of the State of Illinois, Appellee, *vs.* Ron Spicer, Appellant.

*Opinion filed November 18, 1970.*

Marvin L. Schrager, of East Moline, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and JAMES N. DEWULF, State's Attorney, of Rock Island, (THOMAS J. IMMEL, Assistant Attorney General, and ROBERT C. SHEARER, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Defendant, Ron Spicer, pleaded guilty to the crime of burglary in the circuit court of Rock Island County and was sentenced to a term of not less than two years nor more than ten years in the penitentiary. He now appeals, alleging that the trial court erred in refusing to allow him to withdraw his guilty plea and in imposing an excessive sentence. In addition, though the record is confusing, there appears to be a companion appeal in a post-conviction proceeding wherein defendant contends he was denied due process of law on the grounds that the trial court refused to allow him an evidentiary hearing on the question of whether his plea was induced by an unfulfilled promise of probation.

At his arraignment in December, 1967, defendant pleaded not guilty. In February, 1968, while represented by retained counsel, he changed his plea, waived a jury trial, pleaded guilty, and filed a petition for probation. On May 9, 1968, the probation officer's report was filed recommending a denial of probation. On August 16, 1968, after several continuances, additional counsel was retained by defendant and a motion was filed requesting that defendant be allowed to withdraw his guilty plea on the grounds that it was entered improvidently without full realization of its consequences, and alleging that there was a meritorious defense to the charge. This motion was denied. On August 27, 1968, after a full hearing, defendant's petition for probation was denied, and, following testimony given in mitigation and aggravation, sentence was imposed as above mentioned.

Thereafter, defendant filed a *pro se* notice of appeal

and in compliance with his request counsel was appointed to represent him, and an appeal was taken to the Appellate Court for the Third Judicial Circuit. On August 19, 1969, a petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*) was filed and on September 30 it was dismissed by the trial court without a hearing. The record contains no notice of an appeal in this proceeding but the record and transcript were sent to the appellate court as part of the existing appeal of defendant's conviction. In view of the constitutional question posed in the post-conviction proceeding the entire matter was transferred to this court, and since both the State and defendant have proceeded on the theory that all issues are involved in the one appeal we shall do likewise and consider them together.

It must be remembered that defendant's motion to withdraw his plea of guilty was filed approximately one year prior to his petition for a hearing under the Post-Conviction Hearing Act. This motion makes no mention of an unfulfilled promise relative to sentence, but rather merely alleges that defendant had changed his plea without a full realization of the consequences and further makes the bare and unsupported assertion that he had a meritorious defense. The general rule is that it is within the sound discretion of the trial court whether a plea of guilty may be withdrawn; and that this discretion will not be disturbed unless it appears that the guilty plea was entered through a misapprehension of the facts or of law, that defendant has a defense worthy of consideration, or where there is doubt of guilt of the accused and the ends of justice would better be served by submitting the case to a trial. (*People v. Worley*, 35 Ill.2d 574.) A careful review of the record here reveals that defendant was thoroughly admonished concerning the nature of the charge, his constitutional rights to trial by jury and the consequences of his plea of guilty. There is nothing whatsoever in the record indicating any

defense to the charge of burglary. In fact, defendant does not strongly argue this phase of his appeal other than to state that it is significant that the motion for withdrawal of his plea was heard by a judge other than the judge who accepted his original plea of guilty. However, he does not state what the significance is, or how he was prejudiced, and, in our opinion, there is no significance and there was no prejudice. We find that the trial court did not abuse its discretion in denying defendant's motion to withdraw his plea of guilty.

Defendant's argument that he was entitled to an evidentiary hearing on his petition under the Post-Conviction Hearing Act presents a more complex question. The petition was filed and signed by appointed counsel and was accompanied by an unverified statement of defendant and a verified handwritten statement of defendant's mother. The statement of defendant is dated July 27, 1969, exactly eleven months after probation was denied and sentence imposed on him. It is in the form of a letter to his attorney handling his appeal and recites that a deal was made with the State's Attorney by his original counsel whereby it was agreed that if he pleaded guilty he would get six months in Vandalia and serve four years on probation. His mother's handwritten statement, dated August 18, 1969, alleges that she heard her son say to his attorney that he would plead guilty if he could get him six months in the county jail and four years probation, that the attorney later called her and told her it was all set up with the State's Attorney; that still later the attorney called her again and told her that since Ron had got into more trouble it was out of the question for him to get the penalty requested, and that this call was received after her son had gone to court, pleaded guilty and asked for probation.

Defendant cites a number of Federal cases to the effect that where a guilty plea is the result of an unfulfilled promise of a lighter sentence it must be vacated. We agree with

this principle and have so stated on a number of occasions. Defendant also cites *People* v. *Washington*, 38 Ill.2d 446, which specifically recognizes the principle, but the main issue there was whether the right to an evidentiary hearing was precluded by the fact that the petition was not accompanied by the required supporting affidavits. We held that the petition itself was a sworn statement by the accused and that in the absence of anything in the record disputing the allegations he was entitled to a hearing to determine their truth or falsity. Here there are other facts in the record bearing on the issue, so the question is whether the allegations of the petition are sufficient to warrant a hearing when considered with such other facts. As we have held, nonmeritorious petitions may be dismissed without a hearing on the basis of what is contained in the petition and what is revealed in the record of the trial or other proceedings. (*People* v. *Morris*, 43 Ill.2d 124.) We there held that on the basis of the record there was no force to the claim that the pleas of guilty were improperly obtained. In *People* v. *Williams, ante* at p. 1, decided in this same term, we found that the record was barren of any facts to guide the court in a determination of the question and granted a hearing so that the truth or falsity of the allegations might be resolved. In *People* v. *Wease*, 44 Ill.2d 453, we held that the circumstances brought forth at a hearing were inconsistent with the claim advanced in the petition and the right to withdraw the defendant's plea was denied.

Here we have almost the same facts involved but they are all apparent from the record itself. The post-conviction petition was filed 18 months after the plea of guilty was entered, approximately 16 months after the probation officer's report was filed recommending denial of probation, and approximately one year after the imposition of sentence. At the time defendant entered his guilty plea he was specifically asked and he expressly denied that "anyone had encouraged [him] to enter a plea of guilty on the basis of

some threat or promise or anything at all of that nature to get [him] to enter a plea of guilty." Neither defendant nor his mother objected when a prison sentence was imposed. In addition, defendant was aware of his past record when he requested probation, yet he saw fit to purposefully deny that he had previously been convicted of any crime or misdemeanor. And in his motion to withdraw his guilty plea, filed six months after its entry and one year before his postconviction petition, he made no contention that his plea was in any way prompted or induced by an unfulfilled promise. Thus, from the record itself there is no doubt that defendant acted with full understanding at every stage of the proceedings and that he was not misled, coerced, or wrongfully induced to enter his guilty plea by any unfulfilled promise or otherwise. Paraphrasing the language of *People* v. *Smith,* 42 Ill.2d 547, it would seem incredible that any fact-finder would believe defendant if he now testified in support of his allegations, and his testimony would be of little, if any, value at an evidentiary hearing. We, therefore, find that under these circumstances the trial court did not err in dismissing defendant's petition without an evidentiary hearing.

Finally, defendant contends that his sentence was excessive and that the court erred in considering two offenses on which defendant had not been convicted at the time of the presentence hearing. The rule is that a trial court is presumed to recognize any incompetent evidence introduced at a presentence hearing and that he would disregard it. (*People* v. *Fuca,* 43 Ill.2d 182.) Here there is no presumption necessary, for the trial court specifically announced that he was aware of the incompetence of such evidence and that he was disregarding the two arrests in question in his consideration of an appropriate sentence. We find no error on this point. As to the sentence itself, we find that the term fixed was within the limits prescribed by the legislature and in proportion to the nature of the offense charged. Defendant was afforded a fair hearing and a full opportunity to

show any circumstances in mitigation and we cannot say that the trial court abused its discretion in any way. (*People v. Smith,* 14 Ill.2d 95.) Likewise, we find no circumstances warranting a reduction of sentence. *People* v. *Taylor,* 33 Ill.2d 417.

.The judgment of the circuit court of Rock Island County is affirmed.

*Judgment affirmed.*