THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROY GLENN BARR, Defendant-Appellant.

(No. 12314; ▮▮▮▮▮▮▮

Fourth District—November 30, 1973.

Francis J. Davis, of Auler Law Offices, of Champaign, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (Robert G. Frederick, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

On January 20, 1973, defendant, Roy Glenn Barr, was charged with disorderly conduct by a complaint which stated that defendant knowingly exposed himself in public so as to alarm or disturb Donna Byrd and provoked a breach of the peace in violation of Ill. Rev. Stat. 1971, ch. 38, sec. 26—1. On January 22, 1973, defendant appeared without counsel in the circuit court of Champaign County, signed a waiver of his right to a jury trial, and pleaded guilty to the charge—judgment being then rendered pursuant to the plea. After a subsequent hearing the trial judge on May 5, 1973, denied defendant's motion to withdraw his guilty plea and sentenced him to pay a fine of $35 plus court costs.

On appeal, defendant contends that (1) the trial judge abused his discretion in refusing to allow defendant to withdraw said plea and (2)

the trial judge erred in accepting his guilty plea without properly admonishing him in accordance with Supreme Court Rule 402. Ill. Rev. Stat. 1971, ch. 110A, sec. 402.

■■ "The general rule is that it is within the sound discretion of the trial court whether a plea of guilty may be withdrawn; and that this discretion will not be disturbed unless it appears that the guilty plea was entered through a misapprehension of the facts or of law, *that defendant has a defense worthy of consideration,* or where there is doubt of guilt of the accused and the ends of justice would better be served by submitting the case to a trial." (Emphasis added.) (*People v. Spicer,* 47 Ill.2d 114, 116, 264 N.E.2d 181.) We find such an abuse of discretion to have occurred in the present case.

■■ On January 30, 1973, and February 9, 1973, defendant again unsuccessfully moved to withdraw the guilty plea due to the alleged existence of a meritorious defense. The latter motion was accompanied by the affidavit of Donna Byrd, stating that on the evening in question she did not see defendant expose himself. Since the complaint stated only that defendant knowingly exposed himself "as to alarm or disturb Donna Byrd," the affidavit clearly showed that Donna Byrd was not alarmed or disturbed thus providing defendant with a meritorious defense to the disorderly conduct charge under section 26—1(a)(1). In light of the existence of this affidavit, the trial judge abused his discretion in refusing to allow defendant to withdraw his plea. Considering our disposition of this issue, we find it unnecessary to reach the other issue before this court.

The judgment of the trial court is therefore reversed, and the cause is remanded to the trial court with directions to permit defendant to withdraw his plea of guilty and plea anew.

Reversed and remanded with directions.

CRAVEN, P. J., and SMITH, J., concur.