THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RAYMOND R. CRISLIP, Defendant-Appellant.

(No. 72-357;

Fifth District—June 13, 1974.

Robert E. Farrell and Richard E. Cunningham, both of State Appellate Defender's Office, of Mt. Vernon, and William J. Becker, Senior Law Student, for appellant.

Michael K. Grabowski, State's Attorney, of Pinckneyville, for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

The defendant was convicted in Perry County upon his plea of guilty to one count of burglary and two counts of theft.

The defendant subsequently filed a pro se post-conviction petition which was later amended by appointed counsel. The amended petition contended that: (1) The defendant was denied effective assistance of counsel, (2) defendant was not fully admonished of his constitutional rights when he pled guilty, and (3) the guilty plea was coerced by threats made by the sheriff's department of Perry County. The post-conviction petition was dismissed by the court without an evidentiary hearing on the ground that the defendant's allegations were thoroughly refuted by the record of the guilty plea proceeding.

■■ Generally, where a post-conviction claim of denial of constitutional right is founded on evidence not a part of the record, an evidentiary hearing should be held. (*People v. Airmers*, 34 Ill.2d 222, 215 N.E.2d 225.) If the post-conviction petition is demonstrated to be non-meritorious on the basis of what is revealed in the record, however, the petition may be dismissed without an evidentiary hearing. *People v. Spicer*, 47 Ill.2d 114, 264 N.E.2d 181.

■■ Appellant first contended in his post-conviction petition that the defendant spoke to his appointed counsel on only one occasion and that counsel did not inform the defendant of any of his rights. The defendant claims that he was therefore denied the effective assistance of counsel. The record reveals, however, that before the plea of guilty was accepted, defense counsel told the court that he had informed the defendant of his rights. The defendant concurred in that statement and said that he had no complaints about his representation. He also told the court that he was satisfied that his attorney had spent enough time on the case and that he was fully advised of his rights. We believe that the record sufficiently refutes the claim that the defendant was denied effective assistance of counsel so that an evidentiary hearing was not required on that issue.

■■ Appellant secondly contended in his post-conviction petition that the trial court did not admonish the defendant of his constitutional rights

before he pled guilty. This is completely disproved by the record. The defendant does not contend in this appeal, in fact, that the court erred in failing to hold an evidentiary hearing on that question.

We believe that the third post-conviction assertion, however, necessitated the holding of an evidentiary hearing. The defendant maintains that he was induced to plead guilty by police threats that, if he did not do so, a companion of his would be jailed and that person's child would be placed in a public care home.

The transcript of the proceedings reveals that before the court accepted the defendant's guilty plea, the defendant responded negatively when asked whether any force, threats, or promises were used to induce the plea. The State insists that this portion of the record sufficiently rebuts the defendant's assertion. We disagree.

The Illinois Post-Conviction Hearing Act (Ill. Rev. Stat. 1971, ch. 38, par. 122—1 *et seq.*), provides for a proceeding whereby a prisoner can seek redress from his conviction when he claims a substantial denial of his constitutional rights. Both the statute and the pertinent case law establish that the proceeding is commenced by filing a petition that sets forth factual allegations that would translate into a substantial denial of constitutional rights if proven. Mere conclusions of law to the effect that constitutional rights were denied is not sufficient. In addition, affidavits and any other evidence supporting the factual allegations must accompany the petition or the petition must explain the absence of such evidentiary support. The State may answer the petition or move to dismiss. Sections 122—5 and 122—6 of the Act give the courts considerable procedural discretion and several cases have helped to define the borders of that discretion. In *People v. Jennings,* 411 Ill. 21, a case taken to the United States Supreme Court and remanded to the Illinois Supreme Court, guiding principles were written which shed some light on this case:

> "The Illinois Post Conviction Hearing Act  *  *  *  [provides] a remedy for any person who is imprisoned in the penitentiary in violation of his constitutional rights.  *  *  *
>
> *  *  *  the trial court shall examine the petition with a view to determining whether the allegations of fact, liberally construed in favor of the petitioner, and taken as true, make a showing of imprisonment in violation of the Federal or State constitution *  *  *.
>
> If the petition so charges, the trial court should ascertain whether it is supported by accompanying affidavits and if not, whether the absence of such affidavits is sufficiently explained and excused by the petitioner's own sworn statements. Where there

are no supporting affidavits and their absence is neither explained nor excused, the trial court should either dismiss the petition or grant a further time within which such affidavits may be obtained.

A petition meeting these requirements [substantial allegations and affidavits] is sufficient to invoke the Act. Such a petition calls for answer from the State's Attorney and a hearing on the merits. * * *" 411 Ill. 21, 26.

From this case and the statute, the threshold issue emerges: Did Crislip's petition allege facts which if proven would show Crislip was imprisoned in violation of his constitutional rights?

The trial court decided the amended petition for a post-conviction hearing was sufficient. Although the state contends in its brief that Crislip's amended petition did not allege facts which established a prima facie denial of constitutional rights, the State did not argue that the petition per se was insufficient in the trial court. Therefore this contention will not be entertained for the first time on appeal. *People v. Washington*, 38 Ill.2d 446, 232 N.E.2d 738.

Although several cases have concluded that a sufficient petition requires a hearing (*People v. Jennings, supra; People v. Airmers*, 34 Ill.2d 222; *People v. Rose*, 43 Ill.2d 273, 253 N.E.2d 456, *appeal after remand*, 48 Ill.2d 300, 268 N.E.2d 700), other cases have concluded that a trial court can dismiss a petition on the basis of not only what appears in the pleadings but also what appears in the transcripts of the proceedings. (*People v. Derengowski*, 44 Ill.2d 476, 256 N.E.2d 455; *People v. Bliss*, 44 Ill.2d 363, 255 N.E.2d 405:) However, if a petition was based upon matters outside the record, *e.g.*, a coerced guilty plea, it has been held that these claims cannot be adjudicated on the pleadings and record alone; the petition is entitled to a hearing. *People v. Thomas*, 38 Ill.2d 321, 325; contra, *People v. Harris*, 50 Ill.2d 31; *People v. Spicer*, 47 Ill.2d 114.

■■ Clearly, the trial court did not err in dismissing those issues in Crislip's petition which could be resolved by the transcript. But, the issue of whether or not Crislip's guilty pleas were in fact coerced concerns matters outside the record. The exact question we must decide is whether defendant lost his right to a post-conviction hearing when he pled guilty, but prior thereto he answered that his plea was voluntary.

■ It is well settled that a coerced guilty plea deprives a defendant of liberty without due process of law even though facts may be independently established to verify guilt. A guilty plea obtained by wrongful coercion will not support a conviction. Therefore an allegation that a guilty plea was coerced (despite assertions on the record to the contrary) raises a substantial constitutional issue and clears the way for a

collateral attack on the conviction. (*Machibroda v. United States*, 368 U.S. 487, 7 L.Ed.2d 473, 82 S.Ct. 510.) Logically, a statutorily authorized collateral attack, *e.g.*, a Federal habeas corpus proceeding on an Illinois post-conviction hearing, cannot be thwarted by the doctrine of res judicata; an allegedly void judgment cannot preclude a collateral investigation to determine whether or not the judgment is void. It may be that Crislip's pleas and the concomitant assertions of voluntariness were in fact coerced. The trial court's pro forma inquiry into the voluntariness of the pleas should not impede an evidentiary hearing whereby Crislip could present evidence to prove coercion.

The Illinois Post-Conviction Hearing Act was intended to provide State prisoners with an effective post trial procedure through which the Illinois courts could determine whether or not substantial constitutional rights had been violated. (*People v. Dale*, 406 Ill. 238.) Its title captures the essence of the statute, *i.e.*, to establish a hearing in which a conviction may be collaterally attacked. If a State does not provide such a remedy, however, the Federal courts have jurisdiction under the Federal habeas corpus statute (28 U.S.C., par. 2241 *et seq.*) to fill the void. *Fay v. Noia*, 372 U.S. 391, 9 L.Ed.2d 837, 83 S.Ct. 822; *Townsend v. Sain*, 372 U.S. 293, 9 L.Ed.2d 770, 83 S.Ct. 745.

However, in *People v. Harris*, 50 Ill.2d 31, 276 N.E.2d 327, and *People v. Spicer*, 47 Ill.2d 114, 264 N.E.2d 181, the Illinois Supreme Court affirmed the dismissal of amended post-conviction petitions without affording any evidentiary hearings on the basis of the trial records.

In *Spicer* the defendant's post-conviction petition alleged that a guilty plea had been induced by an unfulfilled promise that the defendant would receive probation. The petition was dismissed without an evidentiary hearing. The supreme court held that the dismissal was justified because the defendant had denied at the time he entered his plea of guilty that any promises were made to him, the defendant did not complain when he was sentenced to a term of imprisonment and the defendant's subsequent motion to withdraw his plea of guilty did not include an allegation that his plea was induced by promises.

In *Harris* the defendant's post-conviction petition alleged that the guilty plea had been coerced because defense counsel, who had been retained, threatened to withdraw from the case if a guilty plea was not entered. The record revealed, however, that the defendant informed the court before his guilty plea was accepted that he was satisfied with the representation of his attorney and that no threats or force were used to induce the guilty plea. In both *Spicer* and *Harris* the supreme court paraphrased the following language from *People v. Smith*, 42 Ill.2d 547, 248 N.E.2d 85:

"It seems incredible that any fact-finder would believe defendant if he now testified in support of the allegation of police brutality, and defendant's testimony would have been of little, if any, value at the hearing."

While defendant's testimony in support of his post-conviction petition may have been, in light of the entire record, incredible and unbelievable in *Spicer* and *Harris,* the same is not necessarily true in the instant case. If the defendant did plead guilty because he feared reprisal by the sheriff's department if he did not do so, that fear would very likely impel him to answer negatively when asked by the trial judge whether his plea was induced in any way. For that reason, the defendant's negative response does not belie his post-conviction contention to the same degree as did the records in *Spicer* and *Harris.* In *Spicer,* after the defendant had been sentenced to a term of imprisonment, there was nothing to prevent him from informing the judge that he had been promised probation. In *Harris,* if the defendant believed that his retained counsel was forcing him to plead guilty, nothing precluded him from hiring a new attorney or informing the judge of the situation when he was asked whether he was satisfied with his representation. It cannot be stated with certainty in the instant case, however, that the defendant was not deterred from answering truthfully when asked by the trial judge whether his guilty plea was induced by threats, force or promises. We hold, therefore, that the defendant's post-conviction petition should not have been dismissed without an evidentiary hearing.

For the foregoing reasons, the judgment of the circuit court of Perry County is reversed and the cause remanded with directions that an evidentiary hearing be held.

Reversed and remanded with directions.

EBERSPACHER and CREBS, JJ., concur.