THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JEFFREY LAMBRECHTS, Defendant-Appellant.

Second District (2nd Division)    No. 75-361

Opinion filed September 1, 1976.

Ralph Ruebner and J. Daniel Stewart, both of State Appellate Defender's Office, of Elgin, for appellant.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Defendant Jeffrey Lambrechts was indicted by a Du Page County grand jury for one count of burglary. Defendant pleaded guilty and was

sentenced to 6 to 20 years. On appeal defendant contends that the court erred in refusing to let defendant withdraw his guilty plea following imposition of the sentence, that he is entitled to a new sentencing hearing and that the 6- to 20-year sentence is excessive.

To properly dispose of defendant's claim, it is necessary to fully review the record surrounding the entry of the plea. When the case was called for jury trial May 5, 1975, the State's Attorney informed the court that he and defense counsel had reached the following agreement: that defendant would plead guilty and that the State would recommend that defendant be sentenced to 18 to 54 months to be served concurrently with a 1- to 3-year sentence from Kane County. The defendant and defense counsel confirmed that that was the agreement. The court then stated:

> "THE COURT: You are going to serve 18 to 54 months on this charge, concurrent with the one to three charge, no matter when you serve that?
>
> Do you understand the 18 to 54 would start in this case as soon as you are sentenced? Do you understand that?
>
> MR. LAMBRECHTS: Yes.
>
> THE COURT: All right.
>
> The plea agreement has been stated, and I assume the defendant understands it. He says he understands it."

The court next had the indictment read to defendant and ascertained that defendant understood the charge against him. The court then asked for a statement of facts, and the State detailed what the evidence of some five witnesses would show. Upon being asked by the court if the statement of facts was correct, defendant disputed a minor point, and then the following colloquy took place:

> "THE COURT: How about the other part? Is that substantially correct?
>
> MR. LAMBRECHTS: Yes.
>
> THE COURT: Did you burglarize the building we are talking about?
>
> MR. LAMBRECHTS: Yes.
>
> THE COURT: So that's it? You are guilty of the offense?
>
> MR. LAMBRECHTS: Yes.
>
> THE COURT: That is why you are pleading guilty?
>
> MR. LAMBRECHTS: Yes.
>
> THE COURT: Mr. Lambrechts, before I can accept your plea, it is my duty to admonish you as to the consequences of your plea and also make sure that you understand the consequences of your plea."

The court then informed defendant of his presumption of innocence, of his right to a trial before a judge or jury in which the State would have to

prove him guilty beyond a reasonable doubt and in which he would have the right to confront witnesses, and that if he pleads guilty he is waiving all these rights. After being told that defendant understood all this, he ascertained that no threats or promises apart from the plea agreement were used to obtain the plea. The court then informed defendant of the minimum and maximum sentence for burglary and said as follows:

"THE COURT: Do you realize that although your attorney and the State's Attorney and yourself, although you have discussed the penalty you would receive, and you have discussed the fact that you would get 18 months to 54 months if you pled guilty, do you realize that I, the judge, have not been a party to that agreement, and I might decide to give you a different sentence; that I'm not bound by the agreement you have made with your lawyer and the State's Attorney? Do you understand that?

MR. LAMBRECHTS: (No answer.)

THE COURT: Answer orally.

MR. LAMBRECHTS: Yes.

* * *

THE COURT: Because I am not bound by the agreement that your attorney and the State's Attorney have made.

When it comes to sentencing I could give you a sentence of one to 20, three to 20, six to 20, anything between a minimum of one year and a maximum of 20 years with a mandatory three years parole, even though you have gotten this agreement with the State.

Do you understand that?

MR. LAMBRECHTS: Yes.

THE COURT: All right. Did your attorney explain that to you?

MR. LAMBRECHTS: Yes.

THE COURT: And you understand that?

MR. LAMBRECHTS: Yes."

Following all this, the court asked defendant if he still wished to plead guilty. Upon the defendant's reply of "yes," the court found defendant's plea of guilty to be voluntarily made and, in addition, that there was a factual basis for the plea, and thus found the defendant guilty of burglary. The court next said:

"Before I sentence you, I want a pre-sentence report, especially inasmuch as the plea agreement states a minimum, which is above the actual minimum allowed by law."

The court thereupon ordered a presentence report, and set a sentencing hearing for 3 weeks later.

At the sentencing hearing, the court stated that it had carefully considered the presentence report, and went over with defendant all of

his prior convictions and sentences. The court then allowed defendant and his attorney to inform the court of defendant's family situation, his prior drug addiction, his current involvement in a methadone maintenance program and his job capabilities. The court then stated that based on defendant's record, he could not go along with the plea agreement, and sentenced defendant to a term of 6 to 20 years with 3 years mandatory parole.

The defendant thereupon protested his innocence of the burglary, stating that he had only pleaded guilty to "get things over with," and subsequently filed a motion to withdraw his guilty plea. This appeal results from the denial of that motion. We find no merit in defendant's contention that the court should have allowed him to withdraw his guilty plea.

■■■ The record as detailed above, shows that the defendant was properly admonished within the requirements of Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402). The Court properly determined that defendant's plea was voluntary in accordance with Rule 402(b). The general rule is that it is within the discretion of the trial court whether a guilty plea may be withdrawn, and this discretion will not be disturbed unless it appears that the guilty plea was entered through a misapprehension of the facts or of law, that a defendant has a defense worthy of consideration, or where there is doubt as to the guilt of the defendant and the ends of justice would better be served by submitting the case to a trial. (*People v. Spicer* (1970), 47 Ill. 2d 114.) Defendant in this case specifically admitted that he burglarized the building. There is nothing in the record suggesting a defense to the charge of burglary. We therefore conclude that the court did not abuse its discretion.

Defendant contends that the withdrawal of his guilty plea is governed not by the general rule above, but by Rule 402(d)(2) which provides that if the judge indicates his concurrence or conditional concurrence and later withdraws it, he shall so advise the defendant and allow defendant to either affirm or withdraw his plea. However we do not feel that this record shows that the court either expressly (as required by Rule 402(d)(2)) or tacitly (as contended by defendant) indicated his concurrence or conditional concurrence to this agreement. We do not agree with defendant's contention that the court's early statement that the 18 to 54 months would be served concurrently with the 1- to 3-year sentence was an indication that 18 to 54 months would be the sentence imposed; taken in context it is clear the court was merely ascertaining that defendant understood the plea agreement.

Nor do we agree with defendant's assertion that the court's request for a presentence report because the agreement called for a minimum higher than the lowest possible minimum implied that 18-54 months was the

harshest sentence he would impose. Finally, we find no merit in defendant's assertion that the court's opening statement in the sentencing hearing, that this "matter comes on for sentencing * * * [i]n accordance with a plea agreement" constitutes concurrence; in any event it could not within the purview of Rule 402(b)(2) because it was not made at the time the agreement was presented.

■■ In sum, we find no point in the record at which the court in any way indicated a concurrence or conditional concurrence with the plea agreement. In fact, the court specifically stated that he had not been a party to the agreement, and that he was not bound by it. Therefore, Rule 402(d)(2) is not applicable to the attempted withdrawal of the guilty plea in this case; it must be measured, as we have done above, by the general rule that it is within the discretion of the trial court. The portion of Rule 402(d) which does apply in this case, 402(d)(3), which provides that when the court has not given his concurrence or conditional concurrence, he shall inform defendant that the court is not bound by the plea agreement and that disposition may be different from that contemplated in the agreement, was adequately complied with in this case.

■■■ We have recently affirmed the rule that sentencing is a judicial function; that any agreements in plea negotiations are at most recommendations and the sentence to be imposed is for the court alone. (*People v. Weeks* (2d Dist. 1976), 37 Ill. App. 3d 41, 344 N.E.2d 791, 793.) The defendant was not denied due process by the court's acceptance of his guilty plea and subsequent imposition of a sentence harsher than that recommended by the plea agreement. As our supreme court said in *People v. Baldridge* (1960), 19 Ill. 2d 616, 621-22:

"While it was held in *McKeag v. People*, 7 Ill. 2d 586, that the failure of a prosecutor to make an agreed recommendation operated to deprive an accused of substantial rights, the record in this case shows that the State's Attorney carried out his agreement and did in fact recommend to the court the lighter sentence. Clearly, the fact that the recommendation was not followed is no basis for a claim of deprivation of rights [citations], and when it is considered that the court, prior to the time the plea of guilty was entered and accepted, expressly advised defendant it would not necessarily be bound by such recommendation, it can hardly be said that defendant was the victim of misrepresentation, misleading inducement or improper conduct. What does appear, rather, is that defendant, with full understanding and the advice of his counsel, took a calculated risk that the punishment meted out by the court might be less severe than he would receive upon a trial before a jury. That the punishment imposed was not what he hoped or believed it would be affords no basis for defendant to

repudiate his own acts and agreements, * * *. In light of defendant's full understanding of the consequences of his plea, and his knowledge that the court was not bound by the recommendation, no denial of due process may be said to have occurred."

We find the rule here to be, as it was stated as dicta in *People v. Wright* (1974), 21 Ill. App. 3d 301, 303, that if a prosecutor fulfills a promise to recommend a certain sentence after a defendant pleads guilty, the plea is not rendered involuntary by the fact that the court imposes a more severe sentence. Looking then at all the above circumstances we find there was no error or abuse of discretion in the court's refusal to allow this properly admonished defendant to withdraw his voluntary plea of guilty.

■■ Defendant's next contention is that he is entitled to a new sentencing hearing because neither he nor his attorney had received the presentence report 3 days prior to the hearing. The Unified Code of Corrections, section 5—3—4(b)(2) (Ill. Rev. Stat. 1973, ch. 38, par. 1005—3—4(b)(2)) provides, *inter alia*, that a presentence report shall be open for inspection to the defendant's attorney at least 3 days prior to the imposition of sentence unless such 3-day requirement is waived.

The record in this case indicates that at the May 5, 1975, hearing at which defendant entered his guilty plea, the court ordered a presentence report. Defendant informed the court that he was supposed to enter the Department of Corrections the following day in connection with the 1- to 3-year sentence for the Kane County burglary conviction. The court and the State's Attorney suggested that they could be stayed three weeks until May 26, the court ordered the presentence report to be completed within 3 weeks, and set the sentencing hearing for May 26.

At the commencement of the May 26 sentencing hearing, the court inquired if defendant had had a chance to read the presentence report. Defendant's attorney replied: "He has read most of it." The court then asked defendant if there was anything he wanted to take issue with in it, and defendant made a comment about a conviction listed on page 7. After that was straightened out, the court and defendant went over all of defendant's prior convictions as contained in the report, at the court's request, to ascertain their accuracy. At the conclusion of this colloquy, the court gave defense counsel a chance to add anything he wished, and counsel then spoke of the mitigating factors of defendant's family and job situation, and his participation in a methadone maintenance program. Defendant was also given a chance to speak, and he addressed himself to the same points. Only after defendant and his attorney had completed what they had to say did the judge impose sentence.

Defendant did not file a post-trial motion in this case, however within 30 days of the sentencing hearing, he did file a motion for withdrawal of

the guilty plea or modification of the sentence. This motion primarily concerned itself with issues raised again in the first portion of this appeal, but included an allegation "that because of the plea agreement defendant did not present full mitigation to the court at the time of sentencing * * *." The first time the issue defendant is now raising on this appeal came up was at the conclusion of the hearing on the motion, when defense counsel stated:

"MR. EISEN: One other note.

Although the court had received the pre-sentence investigation some three days prior, it was handed to me like three minutes before we went up, and we hadn't even completed reading it as I went up for the sentencing.

THE COURT: I think I gave you an opportunity to read it.

MR. EISEN: Well, he checked over the conviction portion only.

THE COURT: I always ask if you like to have time to sit down and read it, and I give you time because often times I get it myself in the morning.

MR. EISEN: My feelings were so strong that there was this plea agreement, that as I say, we did not adequately present the mitigation in this case, and I think the Court has reached a conclusion, based upon perhaps the pre-sentence —"

Defendant did not bring the applicable statute to the attention of the trial court; it was first mentioned in his brief. It appears that although the court received the report on Friday, the defendant and his attorney did not see it until the Monday morning of the sentencing hearing. We do not have an express waiver of the 3-day statutory requirement by the defendant, but neither do we have a situation in which the report was not made available to defendant prior to the hearing. Neither defendant nor his attorney complained at the time that they had not had a sufficient time to inspect the report, rather no claim was made until after the court imposed its sentence, which turned out to be in excess of the sentence contemplated in the plea agreement. And even at that point, and now on appeal, defendant's claim seems to be that the prejudice resulting to him from his late inspection of the report was that he therefore did not present full mitigation to the court at the time of sentencing. In fact the record shows defendant was given an opportunity to present factors in mitigation at the sentencing hearing, and did so. Defendant has not shown us on appeal what further mitigation he could have presented had he had the presentence report 3 days prior to the hearing or what information in the report was not already known to him, as it contained only information provided by the defendant, his prior convictions, and no recommendation by the probation officer. Nor has defendant shown that he

made any earlier attempt to inspect the report. The statute provides that the report "shall be filed of record with the court in a sealed envelope, * * * [and] * * * (b) * * * open for inspection * * * (2) to * * * defendant's attorney at least 3 days prior to the imposition of sentence, unless such 3 day requirement is waived; * * *." (Ill. Rev. Stat. 1973, ch. 38, par. 1005—3—4.) The statute as written puts no affirmative burden on the trial court.

Although we do not condone the procedure followed in the case below, where the report was not inspected by defendant until the morning of the sentencing hearing, we find that on the facts in this record, defendant's statements, actions and inactions served to waive the 3-day requirement. In addition, we find that the point was not properly preserved for appeal and that defendant was unable to show us how he was prejudiced by the late viewing of the report. We therefore deny defendant's contention that he is entitled to a new sentencing hearing.

■■ We next turn to defendant's final contention that the sentence imposed, 6 to 20 years, was excessive. Burglary is a Class 2 felony. (Ill. Rev. Stat. 1973, ch. 38, par. 19—1—(b).) For a Class 2 felony, the minimum term shall be 1 year unless the court, having due regard for the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term, not to exceed one-third of the maximum term set by the court (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(3)); and the maximum term is any term in excess of one year not exceeding 20 years (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(b)(3)). The sentence imposed herein is within the limits set by the legislature.

It is clear that the court took into consideration the history and character of the defendant in setting the minimum sentence. The presentence report revealed that the 26-year-old defendant had had seven prior convictions in 8 years, many of which had started out as felony charges but were reduced to misdemeanor theft, and that defendant had repeatedly been put on probation or given light sentences. The report revealed that defendant was on probation from a conviction of receiving stolen property at the time of the present offense, and that he had just been sentenced to 1 to 3 years' imprisonment for a burglary conviction in Kane County. In light of the above, we feel there was sufficient basis on which the trial court could impose a minimum sentence in excess of that required by law. Even though reviewing courts do have the power to reduce a sentence imposed by the trial court under Supreme Court Rule 615 (Ill. Rev. Stat. 1973, ch. 110A, par. 615) it has been held that such power "should be applied with considerable caution and circumspection, for the trial judge ordinarily has a superior opportunity in the course of the trial and the hearing in aggravation and mitigation to make a sound

738

determination concerning the punishment to be imposed than do the appellate tribunals." (*People v. Taylor* (1965), 33 Ill. 2d 417, 424, 211 N.E.2d 673, 677.)

*People v. Taylor* also states that a reviewing court should not disturb the sentence unless it clearly appears that the penalty constitutes a great departure from the fundamental law and its spirit and purpose, or that it is manifestly in excess of the requirement in the Illinois Constitution that all penalties be proportioned to the nature of the offense. We do not find that the penalty imposed upon the defendant herein violates any of the above considerations, and we therefore hold that sentence imposed by the trial court was not excessive.

For the foregoing reasons, the judgment of the Circuit Court of Du Page County is affirmed.

Affirmed.

T. J. MORAN, P. J., and RECHENMACHER, J., concur.