THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DONALD R. LANGFORD, Defendant-Appellant.

Fourth District   No. 4—89—0531

Opinion filed March 8, 1990.

William R. Kelly, of Kelly & McCarthy, of Peoria, for appellant.

Nancy Owen, State's Attorney, of Charleston (Kenneth R. Boyle, Robert

J. Biderman, and Kevin T. McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court: .

Defendant, Donald Langford, was charged by information in September 1988 with a Class 4 felony violation of the Timber Buyers Licensing Act (Act) (Ill. Rev. Stat. 1987, ch. 111, par. 701 *et seq.*). Pursuant to a plea agreement, Langford pleaded guilty to a Class A misdemeanor offense under that act. After the trial court imposed the maximum Class A misdemeanor sentence, Langford filed a motion to withdraw his guilty plea. The trial court denied that motion and Langford appeals.

We reverse and remand for further proceedings.

Defendant was charged with violating section 5 of the Act, which states the following:

"It shall be unlawful and a violation of this Act:
\*\*\*

(b) For any timber buyer to cut or cause to be cut or appropriate any timber without the consent of the timber grower." Ill. Rev. Stat. 1987, ch. 111, par. 705(b).

The penalties section of the Act provides as follows:

"(a) Except as otherwise provided in this Section any person in violation of any of the provisions of this Act, or administrative rules thereunder, shall be guilty of a Class A misdemeanor.

(b) Any person convicted of violating subsections (a) or (b) of Section 5 of this Act is guilty of a Class 4 felony if the aggregate value of the timber purchased, cut, caused to be cut or appropriated is over $300." Ill. Rev. Stat. 1987, ch. 111, pars. 711(a), (b).

The information originally charged that the aggregate value of the timber appropriated was over $300. On the day of trial, defendant and the State entered into a plea agreement. If the defendant pleaded guilty, the State would amend the charge to a misdemeanor and recommend a maximum jail sentence of 30 days. However, after considering the presentence report prepared by the probation office, the court sentenced defendant to one year in the county jail, levied a fine of $500, imposed restitution in the amount of $5,000, and ordered reimbursement of $100 to the county for the services of court-appointed counsel.

Subsequently, defendant filed a motion to reconsider his sentence and for leave to withdraw his plea of guilty. At the hearing on this motion, the court ordered that the balance of defendant's incarcera-

tion be converted from straight time to periodic imprisonment and that defendant begin making restitution payments in monthly installments. The court did not consider defendant's motion for leave to withdraw his guilty plea. That issue was resolved pursuant to defendant's second motion to withdraw his guilty plea. At the hearing on that motion, defendant argued, *inter alia*, the information was void because it failed to allege a mental state and because the facts in the charge, if true, did not allege a crime. Before this court, he elaborated further on that argument, explaining that the information did not allege that he is a "timber buyer." Defendant's motion was denied.

■■ Whether a guilty plea should be withdrawn is within the sound discretion of the trial court. This discretion will not be disturbed unless the defendant establishes that (1) the plea was entered due to a misapprehension of the facts or law, (2) he has a worthy defense, or (3) his guilt is in doubt and justice requires that the case be tried. (*People v. Spicer* (1970), 47 Ill. 2d 114, 116, 264 N.E.2d 181, 182; *People v. Van Ostran* (1988), 168 Ill. App. 3d 517, 520-21, 522 N.E.2d 851, 853.) The standard of review is whether the trial court committed an abuse of discretion. *Spicer*, 47 Ill. 2d at 117, 264 N.E.2d at 183.

Both section 5 of the Act (Ill. Rev. Stat. 1987, ch. 111, par. 705) and the information charging defendant under the Act fail to designate a mental state. At the hearing on the motion to withdraw the guilty plea, the trial court indicated that it thought the charge against defendant could be an absolute liability offense. We disagree.

■■ When a statute does not prescribe a mental state, any mental state as defined in sections 4—4, 4—5, or 4—6 of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, pars. 4—4, 4—5, 4—6) is applicable unless the crime is a strict liability offense. (*People v. Whitlow* (1982), 89 Ill. 2d 322, 333, 433 N.E.2d 629, 633.) The mental states defined in the relevant sections are intent, knowledge, and recklessness. Absolute liability cannot be imposed for an offense for which the offender may be jailed unless the legislature clearly indicated its intent to require that result. (*Whitlow*, 89 Ill. 2d at 332, 433 N.E.2d at 633; Ill. Rev. Stat. 1987, ch. 38, par. 4—9.) Neither the Timber Buyers Licensing Act nor its legislative history reveals any such intent.

In *Whitlow*, the Illinois Supreme Court had to determine which mental state, if any, should be applied to charges alleging various securities law violations when the statute was silent as to the alleged offender's mental state. The court reviewed the analogous Federal securities laws and the cases interpreting them. Based thereon, the

court concluded that *scienter* is an element of offenses charged under the Illinois securities law. The supreme court noted that the term *scienter* "embraces intentional or knowing misconduct." (*Whitlow*, 89 Ill. 2d at 334, 433 N.E.2d at 634.) However, because the indictment in *Whitlow* charged defendants with knowing and deliberate violations of securities law, that indictment did not fail to allege a mental state. (*Whitlow*, 89 Ill. 2d at 335, 433 N.E.2d at 634.) The information at issue in the present appeal does not allege a mental state.

We know of no Federal counterpart to the Illinois Timber Buyers Licensing Act. However, Illinois statutes contain several crimes against property. A "knowing" mental state is typically required for these offenses to be committed. See, *e.g.*, Ill. Rev. Stat. 1987, ch. 38, pars. 16—1 (theft), 19—1 (burglary), 20—1 (arson), 21—1 (criminal damage to property).

■ We hold that the information was deficient because it did not allege a mental state. Because the trial court misapprehended the law regarding the issue of the mental state required to be alleged in a charge under the Act, we hold it abused its discretion by refusing to vacate defendant's guilty plea.

■ Defendant also argues that the information was void for failing to allege that he was a timber buyer. The Act's scope is in fact limited to timber buyers (Ill. Rev. Stat. 1987, ch. 111, par. 705(b)), and the accused's status as a timber buyer is an element of the offense. The omission of the allegation that defendant was a timber buyer similarly renders the information deficient and is an additional reason to permit defendant to withdraw his guilty plea.

Defendant has raised other issues on appeal. Because we are reversing the denial of the motion to withdraw defendant's guilty plea for the reasons previously stated, we need not address them.

Reversed and remanded.

LUND and SPITZ, JJ., concur.