NOTICE
This Order was filed under
Supreme Court Rule 23 and
is not precedent except in the
limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 200342-U

NO. 4-20-0342

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 22, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DUANE A. WIEDMAN, Defendant-Appellant. | ) ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of Macon County No. 13CF856 Honorable Thomas E. Griffith Jr., Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Turner and Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not err in granting the State's motion to dismiss defendant's amended postconviction petition at the second stage of the postconviction proceedings when defendant did not make a substantial showing of a constitutional violation either regarding counsel's performance or as a denial of due process. That is, defendant was unable to demonstrate prejudice from either counsel's failure or the trial court's failure to ensure the presence of a sign-language interpreter at defendant's guilty plea hearing.

¶ 2    Defendant, Duane A. Wiedman, pleaded guilty to one count of burglary, and the trial court sentenced him as a Class X offender to 10 years in prison, followed by 3 years of mandatory supervised release (MSR). Defendant did not file a direct appeal. He later filed a *pro se* postconviction petition, which the trial court summarily dismissed. He appealed the dismissal, and this court reversed and remanded for further proceedings. *People v. Wiedman*, 2019 IL App (4th) 160869-U. Upon remand, appointed counsel filed an amended postconviction petition with defendant's supporting affidavit, and the State filed a motion to dismiss defendant's amended

petition. After a hearing on the State's motion, the court dismissed defendant's petition. Defendant appeals, arguing the court erred in dismissing his petition when he made a substantial showing that his constitutional right (1) to the effective assistance of counsel and (2) to due process were violated when his attorney and the trial court, respectively, failed to secure an interpreter for his plea hearing and sentencing. Defendant also claims the court erred in finding (1) defendant had waived his claims by not filing a direct appeal and (2) he failed to assert in his petition that he wanted to withdraw his plea. Because we agree with the trial court that the record belies defendant's claims, we affirm the second-stage dismissal.

¶ 3                                    I. BACKGROUND

¶ 4        In November 2013, in a fully negotiated plea agreement, defendant pleaded guilty to burglary, a Class 2 offense (720 ILCS 5/19-1(a) (West 2012)), in exchange for the State's dismissal of one count of theft and a sentence of 10 years in prison, followed by a 3-year term of MSR. Defendant was subject to sentencing as a Class X offender due to his criminal history. He did not file a direct appeal.

¶ 5        In June 2016, defendant filed a *pro se* postconviction petition alleging, *inter alia*, he was denied due process when the trial court did not make an interpreter available for him at his plea hearing or, in the alternative, his counsel was ineffective for failing to ensure an interpreter's presence. The trial court summarily dismissed defendant's petition as frivolous and patently without merit, finding defendant "was present in court and understood the charge, the penalties, and his constitutional rights before knowingly, voluntarily, and intelligently entering into his plea agreement." After the court denied defendant's motion to reconsider, he appealed.

¶ 6        This court reversed and remanded for further proceedings, finding the allegations "met the low threshold of stating the gist of the constitutional claims of ineffective assistance of counsel and/or a due-process violation." *Wiedman*, 2019 IL App (4th) 160869-U, ¶ 13.

¶ 7        On remand, the trial court appointed counsel, who filed an amended petition for postconviction relief. The amended petition alleged (1) defendant was legally deaf, (2) the trial court had previously appointed a sign-language interpreter for defendant, who was present and assisted defendant at his preliminary hearing, (3) counsel requested an interpreter at defendant's plea hearing, (4) the court, without objection, conducted the plea hearing and sentencing without an interpreter present, (5) with no interpreter, defendant failed to "fully understand the nature and consequences of his plea agreement," specifically that he would receive a three-year MSR term, (6) defendant's counsel rendered ineffective assistance when he failed to ensure the presence of an interpreter, and (7) the court violated defendant's due-process and equal-protection rights by accepting defendant's plea without an interpreter present.

¶ 8        The State filed a motion to dismiss defendant's amended petition, claiming defendant failed to meet his burden of showing that counsel's performance was deficient and that he was prejudiced by counsel's failure to secure an interpreter at his plea hearing. The State also claimed defendant had forfeited his argument by not raising the issue in a direct appeal when the bases for his argument appeared in the record.

¶ 9        Following a hearing on the State's motion to dismiss defendant's petition, after considering the respective arguments, the trial court granted the State's motion and dismissed defendant's amended petition. The court noted it had reviewed the report of proceedings from the plea hearing multiple times and it was "very clear *** that the defendant understood exactly what was occurring."

¶ 10        This appeal followed.

## II. ANALYSIS

¶ 11        At the second stage of a postconviction proceeding, a defendant's petition must demonstrate a substantial showing of a constitutional violation. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). All well-pleaded facts that are not positively rebutted by the record must be taken as true. *Id.* When, as here, a postconviction petition reaches the second stage, the trial court reviews the petition and accompanying documents to ascertain whether the petitioner has made a substantial showing of a constitutional violation. *People v. Brown*, 2017 IL 121681, ¶ 24. Upon a substantial showing of a constitutional violation, the petition must be advanced to the third stage, where the trial court conducts an evidentiary hearing. *Id.* If no such showing is made, the petition should be dismissed. *Id.* "We review *de novo* the dismissal of a postconviction petition without an evidentiary hearing." *Id.*

¶ 12        The sixth amendment to the United States Constitution (U.S. Const., amend. VI) guarantees a criminal defendant the right to the effective assistance of counsel at all critical stages of the criminal proceedings, including the entry of a guilty plea. *Brown*, 2017 IL 121681, ¶ 25. A claim that a defendant was denied his constitutional right to the effective assistance of counsel is generally governed by the two-pronged *Strickland* test. *Id.* (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Under *Strickland*, a defendant must establish that (1) his counsel's performance fell below an objective standard of reasonableness and (2) he was prejudiced by counsel's deficient performance. *Id.* A court may, without addressing whether counsel's performance was deficient, dispose of an ineffectiveness claim if there is an insufficient showing of prejudice. *People v. Givens*, 237 Ill. 2d 311, 331 (2010).

¶ 13 As stated, the two-part *Strickland* test applies to a claim that trial counsel was ineffective during the guilty-plea process. *Brown*, 2017 IL 121681, ¶ 26. For a guilty-plea defendant, the performance prong of the test remains the same. *Id.* However, for purposes of the prejudice prong, a guilty-plea defendant must show there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Id.* A defendant's conclusory allegation that he would not have pled guilty and would have demanded trial is insufficient to establish prejudice for purposes of an ineffectiveness claim. *Id.*

¶ 14 When presented with a motion to dismiss, the trial court "may render its decision on the basis of what is contained in the pleading to which the motion is directed, considered with the transcript of the trial or other proceedings." *People v. Morris*, 43 Ill. 2d 124, 128 (1969). In fact, our supreme court has consistently upheld the dismissal of a postconviction petition when the allegations are contradicted by the record from the original trial proceedings. See, *e.g.*, *People v. Gaines*, 105 Ill. 2d 79, 91-92 (1984); *People v. Arbuckle*, 42 Ill. 2d 177, 182 (1969). The function of the postconviction pleading " 'is to determine whether the petitioner is entitled to a hearing.' " *People v. Coleman*, 183 Ill. 2d 366, 382 (1998) (quoting *People v. Airmers*, 34 Ill. 2d 222, 226 (1966)). "Therefore, the dismissal of a post-conviction petition is warranted only when the petition's allegations of fact—liberally construed in favor of the petitioner and in light of the original trial record—fail to make a substantial showing of imprisonment in violation of the state or federal constitution." *Coleman*, 183 Ill. 2d at 382.

¶ 15 Here, defendant claims his constitutional rights were violated in two ways: (1) he did not receive the effective assistance of counsel and (2) he did not receive due process of law when an interpreter was not made available to him at his plea hearing.

¶ 16        As we mentioned in defendant's prior appeal, the two-prong *Strickland* test must be satisfied for defendant to prove his counsel was ineffective. Contrary to the burden on defendant at the first stage of postconviction proceedings, at the second stage, defendant needs to "demonstrate" or "prove" ineffective assistance by showing that counsel's performance was deficient and that the deficient performance prejudiced him in order to survive dismissal. *People v. Tate*, 2012 IL 112214, ¶ 19. That is, at the first stage of the proceedings, defendant's pleading is judged by a lower standard than at the second stage and as such, he must demonstrate only an *arguable* basis for each prong. *Id.*

¶ 17        On this record, we find unconvincing defendant's assertion that he met his second-stage burden of making a substantial showing that counsel rendered ineffective assistance. While defendant must establish both prongs of the two-part test discussed above, a reviewing court need not address counsel's alleged deficiencies if the defendant fails to establish any prejudice. See *Strickland*, 466 U.S. at 687; *People v. Edwards*, 195 Ill. 2d 142, 163 (2001).

¶ 18        When viewing the allegations in defendant's amended postconviction petition and his claims in his supporting affidavit, in comparison to the transcript of the plea hearing, we must agree with the trial court that it was clear defendant understood what was said at the hearing and that he knowingly, intelligently, and voluntarily entered into the plea agreement. Defendant's amended petition and his affidavit allege he failed to fully understand the nature and consequences of his plea agreement, specifically regarding being sentenced as a Class X offender with a three-year MSR term. Yet, the transcript makes it abundantly clear, per defendant's own words at the hearing, that he understood the trial court's admonishments. Defendant did not simply answer each inquiry with a rote affirmative response. He answered the court's questions with appropriate, timely, and logical responses. He never asked for clarification or indicated he was unable to hear

or understand any part of what the court was saying. Most importantly, defendant provided no explanation at this second stage, neither in his amended petition nor his affidavit, that would serve to discredit his statements made at the plea hearing or resolve the blatant inconsistency between the allegations in his petition and the report of proceedings.

¶ 19 According to the transcript of the plea hearing, the trial court was careful to often inquire whether defendant could hear and understand what the court was saying. On every occasion, defendant indicated he understood. Defendant answered the court when prompted to do so and provided appropriate and sensible responses. At one point, when the court spoke of receiving credit for time previously served, the prosecutor asked a deputy sheriff if he knew the date defendant "was picked up." It was defendant himself who responded "July 2nd." Notably, the court had just immediately prior informed defendant he was subject to a three-year term of MSR. It was apparent defendant was actively engaged in the hearing. In fact, just after explaining again that defendant was to be sentenced as a Class X offender, subject to a prison term between 6 and 30 years, which would have "to be followed by a 3[-]year term of [MSR]," the court asked defendant if he could "still hear [him]." Defendant responded: "I can understand you." Thereafter, defendant assured the court he was entering into the plea agreement on his own volition without force or promises. On those representations, the court accepted defendant's guilty plea.

¶ 20 Defendant's due process claim also fails. Again, it is apparent from the record that defendant understood the terms of the plea agreement and thereafter, knowingly and intelligently entered his guilty plea. It is apparent he was not prejudiced by the absence of an interpreter. Again, defendant's amended postconviction petition and his supporting affidavit fail to resolve the discrepancy between his allegations that he could not hear and understand the trial court's admonitions and the verbatim transcript in the record, which clearly indicates he did hear and

understand the admonitions. On this basis, defendant has failed to demonstrate a substantial showing of a constitutional violation as it relates either to counsel's performance or his due-process rights. Our supreme court has consistently held that if well-pleaded facts in the petition are *positively rebutted* or *affirmatively refuted* by the record, the petition is subject to dismissal. See, *e.g.*, *People v. Domagala*, 2013 IL 113688, ¶ 35. Here, defendant's allegations are positively rebutted and affirmatively refuted by the record.

¶ 21        Alternatively, defendant argues his due process claim should not have been dismissed because the State's motion did not seek dismissal of that particular claim and the trial court cannot dismiss a claim *sua sponte* at the second stage of the proceedings. In its brief, the State concedes its motion to dismiss did not "include a specifically labeled section addressing defendant's due process claim." However, the State asserts, because it argued throughout its motion that the transcript clearly indicated defendant was indeed able to hear and understand the trial court's admonitions, it had sufficiently addressed defendant's due process claim as well. We note the trial court in its decision to dismiss defendant's petition stated generally that it did "not believe that the defendant has made a substantial showing of a violation of his constitutional rights at this time."

¶ 22        Looking to the substance of defendant's due process claim, we find, in his amended petition, he stated only that his "rights to due process of law and equal protection under the law were violated when the [c]ourt proceeded to accept the [d]efendant's plea of guilty and sentence him after the court had previously appointed an interpreter for other proceedings and despite counsel informing the [c]ourt that an interpreter was necessary." In his brief, defendant clarified that his claim centered around the voluntariness of his plea. He argued that without an interpreter,

he was not "present" during the plea hearing and thus was incapable of knowingly and voluntarily entering a plea.

¶ 23        Based on this explanation, the analysis of defendant's due process claim mirrors that of defendant's claim of ineffective assistance of counsel. That is, a review of the transcript of the guilty plea hearing indicates on its face defendant was in fact (1) "present," (2) able to hear and understand the trial court's admonitions, and (3) entered his plea voluntarily and intelligently. The trial court was not obligated to have an interpreter at all stages of the proceeding if the court was otherwise satisfied that reasonable measures had been taken to ensure defendant was aware of and understood the admonishments. See *People v. Kelley*, 237 Ill. App. 3d 829, 831 (1992) (citing *People ex rel. Myers v. Briggs*, 46 Ill. 2d 281, 287 (1970)) (stating when confronted with a hearing-impaired individual, the trial court has the discretion to do what is necessary to afford the defendant a full and fair exercise of his legal rights). As such, defendant's due process claim also involved an inquiry into whether defendant suffered prejudice, similar to the analysis of whether counsel was ineffective. Therefore, we agree with the State that its motion to dismiss adequately addressed the issue of prejudice, regardless of whether it related to counsel's performance or whether defendant was afforded the process he was due. The State's request to dismiss, the argument in support, and the reasons therefore were the same. We find no procedural error.

¶ 24        Because we find defendant's amended petition and his supporting affidavit do not make a substantial showing of a constitutional violation, we conclude the trial court did not err in dismissing defendant's petition at the second stage of the proceedings. Accordingly, we need not address defendant's remaining contentions of error.

¶ 25                              III. CONCLUSION

¶ 26        For the foregoing reasons, we affirm the trial court's judgment.

¶ 27          Affirmed.