THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LANCE McCRACKEN, Defendant-Appellant.

(No. 71-169; ▬▬▬)

Fifth District—January 28, 1972.

Hotto, Adams & Marsh, of Fairview Heights, (William R. Hotto, of counsel,) for appellant.

C. Glennon Rau, State's Attorney, of Waterloo, for the People.

PER CURIAM:

On pleas of guilty in the Circuit Court of Monroe County defendant was sentenced to the penitentiary for terms of not less than one year nor more than ten years on each of two informations charging burglary, said sentences to run concurrently. In this appeal he objects to the sufficiency of the court's admonition relative to the maximum penalty that could be imposed as a consequence of his pleas.

The court informed defendant that he could be sentenced "to an indeterminate term in the Illinois State Penitentiary for not less than one year and not more than an indeterminate number of years", and that the court could fix the minimum and maximum term of such sentence. The court then asked if defendant understood "what indeterminate means, or should I explain it to you?" The defendant replied, "I know." In addition, on inquiry from the court, defendant's attorney replied affirmatively that he had advised defendant of the punishment for the crime charged.

We have recently considered an almost identical admonishment in *People v. Fairchild*, (Agenda 70-172) (NE2d); and we held that use of the phrase "indeterminate number of years" was insufficient in itself to comply with the mandatory requirement that a defendant be informed specifically of his maximum possible punishment. We reviewed the same cases cited here by the State and concluded that even though the presumption was strong that defendant understood the meaning of the phrase neither we, nor the trial court, was at liberty to indulge in such a presumption. From the record it is apparent that with this one exception the trial court was most solicitous of defendant's rights, explaining them carefully and in great detail. However, based on the reasoning contained in *Fairchild* we conclude that the penalty admonition as given was not necessarily clear and it is possible that defendant could have been con-

fused. We therefore reverse the judgment of the trial court and both causes are remanded with directions that defendant be allowed to withdraw his pleas and plead anew.

■■ Defendant has also argued in his brief that the court erred in denying him probation. He cites his youth, the fact that drinking was a contributing factor to the commission of his offenses, that he was an enlistee in the army, had an unusually diligent work background and had no past criminal record. He contends that under such circumstances he was an excellent subject for probationary rehabilitation. From our reading of the record we are likewise impressed with defendant's possibilities for rehabilitation and, though we do not pass on this question in view of our remandment; we do suggest that serious consideration should be given to probation if defendant is again found guilty as charged.

Reversed and remanded with directions.