THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* AARON
MERRITT, Defendant-Appellant.

(No. 57690; )

First District (4th Division)—November 28, 1973.

James J. Doherty, Public Defender, of Chicago (Harold A. Cowen,
Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis, Barry
Rand Elden, and William C. McMaster, Assistant State's Attorneys, of
counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Aaron Merritt, was indicted for the crimes of armed
robbery and burglary in separate indictments. Following a plea of guilty
for both offenses, the defendant was sentenced to a term of from two to
six years in the Illinois State Penitentiary. On appeal, both indictments
are considered herein.

The sole issue presented for review is whether the trial court failed

to observe the procedure prescribed in Supreme Court Rule 402 governing pleas of guilty.

On April 17, 1972, the defendant, Aaron Merritt, withdrew his plea of not guilty for the offense of armed robbery and entered a guilty plea. The defendant changed his plea subsequent to a conference between the trial judge, the prosecutor and his attorney. Prior to accepting the guilty plea, the court advised the defendant that if he entered a guilty plea he would waive his right to a jury trial as well as his right to confront the witnesses against him. The court also inquired why the defendant was pleading guilty; inquired if any threats were made to obtain the plea; and advised the defendant he could still plead not guilty or persist in his plea of guilty. As to the sentence which could be imposed, the trial judge stated that under the statute, the court was permitted to sentence the defendant to any indeterminate number of years with a minimum of two years. The court then asked the following question:

"COURT: You understand there has been a conference and that in that conference the court has indicated that upon a plea of guilty to this indictment the court would sentence you on this case concurrent with another case that is still pending, 2390, I believe it is, to a concurrent term of not less than two nor more than six years, do you understand?

DEFENDANT: Yes, sir."

The court then accepted the guilty plea and sentenced the defendant to a term of from two to six years.

At the defendant's request, the cause was then passed to the end of the call. At that time the defendant withdrew his plea of not guilty for the offense of burglary and entered a guilty plea. The trial judge told the defendant he could be sentenced to any indeterminate number of years with the minimum of one year. The following exchange then took place:

"COURT: Do you understand the possible sentence?

DEFENDANT: Uh-huh.

COURT: You recall all the other questions that the court asked you this morning?

DEFENDANT: Yes, sir.

COURT: And it is your desire to then withdraw your plea of not guilty heretofore entered in this indictment and enter a plea of guilty?

DEFENDANT: Right."

The court accepted the plea and sentenced the defendant to another term of from two to six years, concurrent with the sentence for the crime of armed robbery.

The defendant contends the admonishments of the trial court as to the possible maximum sentences which he could receive for the crimes of armed robbery and burglary were not adequately conveyed to him and, as such, it was error for the trial court to accept his guilty pleas. The defendant bases this contention on Supreme Court Rule 402, which in pertinent part states:

> "(a) Admonitions to Defendant. The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:
> \* \* \*
> (2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; \* \* \*."

In support of this contention the defendant relies on the decisions in *People v. Short* (1972), 4 Ill.App.3d 849, and *People v. McCracken* (1972), 3 Ill.App.3d 759, wherein the use of the words "indeterminate number of years" has been held to be insufficient in apprising a defendant of the minimum and maximum sentence to which he may be subjected.

■■ The defendant's contention that the admonitions given him by the trial judge prior to accepting his guilty pleas were inadequate is not well taken. Supreme Court Rule 402 does not require strict literal adherence to every word contained in it, but rather requires only substantial compliance sufficient to safeguard the rights of the accused. (*People v. Miller* (1972), 2 Ill.App.3d 851.) The record in the instant case clearly establishes that the defendant was addressed by the trial judge in open court as to the exact sentence he would receive if he changed his plea, namely, two to six years in the penitentiary. In *People v. Jackson* (1970), 47 Ill.2d 344, the Supreme Court held an admonition given the defendant by the trial court was sufficient because the defendant knew the sentence he was to receive prior to entering his guilty plea. Similarly, in the instant case when the trial court gave the defendant the formal admonishment required by Supreme Court Rule 402, it cannot be said the use of the word "indeterminate" renders the admonishment inadequate and the conviction void.

■■ The defendant further contends that the admonition given him by the trial judge prior to accepting the guilty plea for the crime of burglary was inadequate. We do not agree with the defendant's contention. Admonitions once set forth in Supreme Court Rule 402 need not be repeated if arraignment is temporarily interrupted. (*People v. Trenter*

(1972), 3 Ill.App.3d 889.) The record clearly shows the defendant understood everything going on at the trial and recalled all the questions the court had asked earlier in the proceedings. As stated in *People v. Anderson* (1973), 10 Ill.App.3d 558, Supreme Court Rule 402 does not require the trial judge to "parrot a number of specifically proscribed, formal phrases that would render these constitutional guarantees counterproductive and put in jeopardy the very values they were meant to preserve."

For these reasons the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN, P. J., and JOHNSON, J., concur.