THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOE THOMPSON, Defendant-Appellant.

(No. 74-373;

Fifth District—June 11, 1975.

G. MORAN, J., dissenting.

Stephen P. Hurley and Thomas F. Sullivan, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Bruce D. Irish and Myra J. Brown, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

The grand jury indicted the defendant, Joe Thompson, for the offense

of burglary. The defendant pled guilty to the burglary charge. The circuit court of St. Clair County entered a judgment of conviction on such plea and sentenced the defendant to a term of 5 to 15 years in the penitentiary to run concurrently with the sentence, if any, imposed by the Parole and Pardon Board on a related parole violation. The only issue presented for review is whether the trial court should have sua sponte entertained a motion to withdraw the defendant's plea of guilty upon learning of the possibility that the accused had been mistaken about the sentencing condition attached to his plea bargain. In particular, the defendant contends that he did not understand the meaning of a "concurrent" sentence.

The defendant initially entered a plea of not guilty to the burglary charge. A jury was selected, but before the formal introduction of evidence at trial, the accused changed his plea. The record shows that defense counsel, who had previously spoken with the trial judge regarding the possible change of plea, enunciated the following proposed condition to a plea of guilty:

> "* * * that in exchange for our change of plea to a guilty plea to the offense of burglary, the understanding between the State and the defense would be that the sentence would be imposed by the Court and that sentence would be concurrent with any action taken by the Parole Authorities of the State of Illinois. Mr. Thompson has been explained this, that in exchange for the plea, a concurrent sentence to whatever action would be taken, that is the sentence would run at the same time with any action by the Parole people."

Replying to defense counsel's proposal, the State's attorney disavowed any participation in plea negotiations. By not objecting to the sentencing agreement, however, he acquiesced in the subsequent "plea agreement."

Subsequently, the trial court inquired whether the defendant was under any physical or mental handicap that would prevent his understanding. Upon being informed that the defendant's education was limited to the first eight grades, the trial court stated, "If I ask you something or say something to you that you don't understand, stop me so that I can go back and try to word it in a way you will understand it, okay?" The court then itself addressed the situation:

> "But I have indicated to defense counsel that whatever plea— sentence is imposed by me will run concurrent with whatever action the Parole Board takes with respect to Mr. Thompson's case. And I think in view of that fact I am going to take this as a negotiated plea rather than straight up so that there's no problem with the record."

After reading the indictment and explaining the charge to the defendant, the trial court fulfilled its duty to explain the consequences of a plea of guilty in the following manner:

"* * * you may be sentenced to the Illinois Department of Corrections for a period of not less than one year or more than twenty years. It's up to the Court to determine what sentence to impose upon you. The maximum would be six years eight months to twenty years. That would be the most I could give you on this particular case. I could give you one to three. I could give you two to six. But you understand, it's my duty to impose the sentence?"

The defendant responded affirmatively. The trial court again inquired: "Do you understand?", to which the defendant again responded affirmatively. Later, the following colloquy occurred:

"THE COURT: Do you want to give up your right to a trial of any kind, and enter a plea of guilty here?

THE DEFENDANT: Yes, to the condition that my attorney explained—

THE COURT: All right. That condition being that whatever sentence I would give you would run concurrent with whatever happens with the Parole Board?

THE DEFENDANT: Right."

Thereafter, the court accepted the defendant's plea of guilty.

At the hearing in aggravation and mitigation defense counsel told the trial court that the defendant was confused about his plea agreement. The defendant then explained, "The only thing I want to say is when I had give [sic] the plea * * * I have to say I indicated on pleading guilty that I would get no more time than what I would have to go on my parole." When he pled guilty, the defendant allegedly thought the "concurrent" sentencing agreement meant that the sentence on the plea and the sentence on the parole revocation would be identical. The defendant claimed that he did not understand that the sentences would run together. While the defendant did not specifically request permission to withdraw his previously tendered plea of guilty, he did inquire whether he still had the "right of a preliminary hearing, indictment and arrangement [sic]."

■■ On the basis of the foregoing record we cannot say that the trial court should have sua sponte entertained a motion to withdraw the defendant's plea of guilty upon being confronted with the possibility that the defendant had been mistaken about the sentencing condition attached to his plea bargain. A defendant has no absolute right to withdraw his plea of guilty. (*People v. Chamness*, 1 Ill.App.3d 305, 274 N.E.2d 99,

*People v. Cook,* 1 Ill.App.3d 292, 274 N.E.2d 209.) Permission to withdraw a plea of guilty rests within the sound discretion of the trial court. (*People v. Riebe,* 40 Ill.2d 565, 241 N.E.2d 313; *People v. Cook,* 1 Ill. App.3d 292, 274 N.E.2d 209.) That discretion will not be disturbed unless it appears that the plea was entered through a misapprehension of the facts or law, that the defendant has a defense worthy of consideration, or where there is doubt as to the guilt of the defendant and the ends of justice would better be served by submitting the case to trial. (*People v. Spicer,* 47 Ill.2d 114, 264 N.E.2d 181; *People v. Worley,* 35 Ill.2d 574, 221 N.E.2d 267.) A careful review of the record here reveals that the defendant was thoroughly admonished concerning the nature of the charge, his constitutional rights to a trial by jury and the consequences of his plea of guilty. There is nothing whatsoever in the record indicating any defense to the charge of burglary. Nor does the defendant argue that his alleged lack of comprehension of the term "concurrent" was apparent to the trial court at the time he tendered his plea of guilty. The record is barren of any indication that the trial court or the State's attorney attempted to mislead the defendant or otherwise contributed to his alleged misconception of the term "concurrent."

■■ Instead, the record shows that on two separate occasions the defendant stated that he understood the conditions of his plea. Furthermore, the trial court explained, in detail, the various sentences which could be imposed and specifically noted that it was responsible for determining the sentence to be imposed. The defendant stated that he understood this explanation, not once, but twice. Unlike *People v. McCracken,* 3 Ill.App.3d 759, 279 N.E.2d 183, cited by the defendant, there was no failure to comply with the mandatory requirement that a defendant be informed specifically of his maximum possible sentence. And while the court did not specifically define "concurrent," it did so indirectly by stating, "concurrent sentence * * *, that is the sentence would run at the same time as any action by the Parole people." The record also discloses that the defense counsel stated on record, and in the presence of the defendant, that he explained the plea agreement to the defendant. Also significant is the fact that the "concurrent" aspect of the defendant's sentence applied irrespective of whether or not he entered a plea of guilty. The defendant's alleged mistake was not of such a nature as to render his plea involuntary. Objectively viewed, the record evidences a mutual manifestation of assent to be bound to the plea agreement. We find that under the circumstances here present the defendant cannot now escape the consequences of his guilty plea even though he may have harbored a mistaken assumption about an inducing reason for his plea.

■■   To allow the defendant to withdraw his guilty plea under the circumstances of this case would enable any defendant to withdraw his guilty plea merely by claiming that he harbored a mistaken assumption about an inducing reason of a plea agreement to which he had previously assented in open court. Where mutual manifestation of assent is objectively evidenced by the record, a subsequent claim by the defendant of material mistake in assumption about the inducing reasoning underlying the guilty plea will not necessarily form a basis to vacate the plea. Because of the absence of a request to vacate the guilty plea in the instant case, the trial court was under no duty to entertain, sua sponte, a motion to vacate the plea. The soundness of the court's discretion in failing to entertain such a motion is evidenced by its careful consideration of the record of the guilty plea hearing. The trial judge specifically referred to two instances where the defendant had asserted that he understood the conditions of his plea agreement. During the plea hearing the court had afforded the defendant ample opportunity to dispel any misconceptions he might have had. Neither the court, the prosecutor, nor defense counsel had been made aware of the defendant's alleged misinterpretation. Objectively viewed, the record of the plea hearing shows that the defendant's plea was voluntarily and understandingly made. Notwithstanding the defendant's alleged lack of comprehension of the meaning of the word "concurrent," neither the defendant nor his counsel indicated that the defendant would not have pled guilty if he had understood the conditions of his sentence. The court in fact imposed a sentence in accordance with the plea agreement as objectively manifested at the plea hearing.

For all of the above reasons, we affirm the judgment entered by the circuit court of St. Clair County on the defendant's plea of guilty.

Judgment affirmed.

CARTER, J., concurs.

Mr. JUSTICE GEORGE J. MORAN, dissenting:

Defendant pled guilty with the understanding that he would receive a sentence from the parole board and that the trial court would make his sentence concurrent with "any action taken by the parole board." At the presentence hearing the defense counsel informed the court that the parole board would withdraw its warrant if any time was given to the defendant. The defendant immediately said that when he entered the plea, it was his understanding that he would get no more time "than he would have to go on parole." Defendant then demanded a preliminary hearing, indictment and arraignment.

Clearly, the defendant pled guilty on the assumption that he would

receive a sentence to be served concurrently with a sentence to be meted out by the parole board. When it became clear to the trial court that the conditions on which defendant's plea was entered could not be fulfilled, the trial court should have offered the defendant a chance to withdraw his plea. When defendant made his motion demanding a preliminary hearing, indictment and arraignment, he was expressing his desire to withdraw his plea although he did not label his motion as such.

It is not surprising that defendant who had only an eighth-grade education would misunderstand what was meant by concurrent sentence. "Concurrent" has a fixed meaning to a judge or lawyer but could have an entirely different meaning to a layman. Synonyms for the word "concurrent" are: Co-extensive, alongside, co-existent, even, etc. (See Synonym Finder by J. I. Rodale.) Since defendant misunderstood the length of the sentence he was to receive when he pled guilty, his plea was not made voluntarily and intelligently as required by *Boykin v. Alabama*, 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709.

I would remand this case and allow the defendant to plead anew.