758

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RICKY DOUTHIT, Defendant-Appellant.

Fifth District   No. 75-551

Opinion filed August 4, 1977.

Michael J. Rosborough and Daniel M. Kirwan, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (James E. Hinterlong and Robert M. Hansen, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant, Ricky Douthit, appeals from a conviction and sentence entered pursuant to his plea of guilty to the offense of burglary. His motion to withdraw the pleas and vacate judgment was denied by the circuit court of Madison County.

Defendant Douthit contends in this appeal that his guilty plea was not voluntarily and intelligently made because his attorney misinformed him as to the effect of a negotiated plea agreement. More specifically, defendant claims that his retained counsel incorrectly informed him that because of the plea agreement the sentence imposed on the pleaded offense would be "dependent" upon the concurrent sentence imposed on a prior conviction, meaning that if the conviction on the prior offense were overturned, the instant conviction would also fall.

After examining the record, we find that the trial court did not abuse its discretion in refusing to allow defendant to withdraw his guilty plea since he failed to prove that his counsel made a misrepresentation which would render defendant's plea involuntary.

Defendant was charged by indictment with the burglary of Kreitner School in Madison County. On June 15, 1975, a hearing was conducted in which defendant changed his plea on the charge to guilty. An assistant State's Attorney informed the court that, pursuant to plea negotiations, defendant had agreed to enter a plea of guilty in exchange for the State's promise to recommend that sentence in this case be set to run concurrently with the sentence to be imposed upon defendant's recent conviction after jury trial of an unrelated burglary offense. When asked to confirm the agreement announced by the assistant State's Attorney, defendant's counsel stated that he and defendant understood the terms to be "that he [defendant] would be sentenced the same as in this prior case and the time would run concurrently so that he would in effect be serving one sentence * * *." The defendant answered that he understood the agreement and desired to accept it.

The court proceeded to admonish the defendant in compliance with Supreme Court Rule 402 (Ill. Rev. Stat. 1975, ch. 110A, par. 402). The factual basis for the plea was established, and defendant admitted committing the burglary although he claimed an inability to recall some details contained in the factual basis because of his heavy drinking on that night. At this point, defendant's counsel interjected that defendant had decided to plead guilty after considering the weakness of the intoxication defense and the damaging nature of the evidence against him. While making this statement counsel made two comments which defendant directs our attention to as being supportive of his claim. The comments read in pertinent part as follows:

"[Defendant's Counsel] Your Honor, I have discussed Ricky's

possible defense of intoxication which would be the same defense that he entered in a case which we have tried here previously, *in which the sentence in this case is dependent on it to run concurrently with, by our plea negotiations* [sic]. * * * And I have advised him to plead guilty, and to take *a concurrent sentence that would be dependent and run concurrently with the prior conviction.*" (Emphasis added.)

The court subsequently asked defendant if any promises other than the one mentioned by the assistant State's Attorney and agreed to by his attorney were given to him or threats or force used against him in order to get him to plead guilty. Defendant answered both questions in the negative. The court thereafter stated that it had been aware of the plea negotiations and concurred in the recommendation made by the assistant State's Attorney. The defendant was informed of the range of possible sentences, the guilty plea was accepted, and defendant was found guilty.

After a sentencing hearing on July 22, 1975, at which both matters in mitigation and aggravation were heard, the court sentenced defendant to two concurrent prison terms of two to seven years on the burglary convictions. No mention was made at this hearing of any contingent or dependent nature of the sentence on the guilty plea to the other sentence.

Defendant made a timely motion to withdraw his guilty plea and vacate judgment. This motion sought in the alternative to have the sentence in the instant case clarified to show that it was "dependent" on the other sentence; the specific clarification requested would provide that defendant would be released under this sentence if he were granted an appeal bond in his appeal of the conviction entered after a jury trial, and that the sentence on the guilty plea would be dismissed in the event that the jury trial conviction was reversed or remanded for retrial and a not guilty finding entered. The motion alleged: (1) that defendant's plea was entered under mistake; (2) that the plea arrangement provided that identical sentences would be imposed on both convictions and that the instant case's sentence would run concurrent with and be dependent upon the sentence in the jury trial case; and (3) that defendant had a valid defense of intoxication to the burglary charge. No affidavits accompanied the motion. The answer of the State recited that the State only agreed to make a certain recommendation; the answer further stated that the prosecution neither agreed nor recommended that the sentence in this case be no greater than that on the other conviction, that the sentence in this case be dependent upon the sentence in the previous case or that an identical sentence be entered.

A hearing on this motion was conducted on September 29, 1975. It is not clear whether defendant was present at this hearing, but he did not testify. Defendant's counsel argued for the clarification sought in the

motion, implying that the negotiated agreement contemplated such a contingent sentence. He then made the following statements:

"But our understanding, Rick's understanding, was that he was no worse off for pleading guilty in that second case than if he had stood trial and been found guilty of it, * * * but at least if he were found not guilty in a retrial of that case [jury case] he wouldn't want to have this second sentence of two to seven hanging over him. * * * We simply want to get the sentence straightened out so that he's no worse off by pleading guilty then if he had stood trial."

The court thereafter denied defendant's motion.

■■ The constitutional requirement for a valid plea of guilt is that it be intelligent and voluntary. (*People v. Wills*, 61 Ill. 2d 105, 330 N.E.2d 505, *cert. denied*, 423 U.S. 999, 46 L. Ed. 2d 374, 96 S. Ct. 430; *People v. Meredith*, 21 Ill. App. 3d 305, 314 N.E.2d 612.) Many factors bear upon whether a plea is intelligently made. Accordingly, even though the record shows that a defendant has been duly informed and admonished, there are circumstances which may require a court to allow a defendant to withdraw his guilty plea. *People v. Morreale*, 412 Ill. 528, 107 N.E.2d 721.

■■ A defendant has no absolute right to withdraw his plea of guilty. (*People v. Thompson*, 29 Ill. App. 3d 334, 330 N.E.2d 535.) Generally, permission to withdraw a plea of guilty rests within the sound discretion of the trial court. (*People v. Spicer*, 47 Ill. 2d 114, 264 N.E.2d 181; *People v. Thompson*.) However, where it appears that the plea of guilty was entered on a misapprehension of the facts or of the law, or in consequence of misrepresentation by counsel or the State's Attorney or someone else in authority, or the case is one where there is doubt of the guilt of the accused, or where the accused has a defense worthy of consideration by a jury, or where the ends of justice will be better served by submitting the case to the jury, the court should permit the withdrawal of the plea of guilty. (*People v. Walston*, 38 Ill. 2d 39, 230 N.E.2d 233; *People v. Johnson*, 28 Ill. App. 3d 902, 329 N.E.2d 900.) Normally, before it will be said that a trial court abused its discretion in refusing to permit a defendant to withdraw his guilty plea on the basis of a misunderstanding or misrepresentation by counsel or defendant, that misunderstanding or misrepresentation must be shown by the defendant. *People v. Walston*.

After due consideration, we find that the judgment of the trial court must be affirmed since defendant has not established the alleged misrepresentation or any other grounds to support a withdrawal of his plea.

The primary assertion of defendant's written motion to withdraw his plea was that the actual plea agreement involved the commitment to have

the sentence in this case inextricably tied to the fate of the sentence in the previous case. It is apparent that such a promise would be unfulfillable since generally a sentence imposed upon a conviction on one offense cannot be affected by the outcome of an appeal relating to a totally separate conviction and sentence. If defendant had shown that his plea was induced by such a promise by the prosecutor, the trial court should have allowed defendant's motion since a plea of guilty made in reliance on an unfulfilled promise of the prosecutor is not voluntarily made (*People v. Pier*, 51 Ill. 2d 96, 99, 281 N.E.2d 289). Defendant does not pursue relief in this court on this ground, and we believe rightfully so as he failed to make any proof below of this claim to refute the contrary implications of the plea proceedings or the answer of the State that it never made such an agreement. We turn now to defendant's claim that his attorney misrepresented the effect of the plea agreement on the sentence imposed in this case.

Although in his motion to withdraw his plea defendant did not allege with any specificity that his counsel misrepresented how his sentence in this case would be affected by matters concerning the appeal of his other conviction, his allegation that his plea was entered under mistake is sufficient to avoid the rule of Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)) that issues not raised in the motion shall be deemed waived on appeal. Nevertheless, he fell short of making any convincing proof that he entered his plea on the basis of the claimed misrepresentation of counsel.

Defendant ascribes considerable importance to the two instances when his counsel used the word "dependent" in a statement to the court at the plea hearing which we have set out above. That this word denotes the alleged misrepresentation relative to the treatment of this sentence during the appeal of his other conviction is certainly not evident to this court. If such a novel arrangement were indeed the belief of defendant and counsel, they had ample opportunity to express such during the hearing. This they did not do. The prosecutor's recitation of the agreement contained no reference whatsoever to such a situation; nevertheless, defendant's counsel's statement, made in response to the court's inquiry as to whether the prosecution had properly stated the agreement, failed to reveal any indication of such an understanding. Defendant's several statements that he understood the agreement are not helpful in determining whether he had been misinformed by counsel. Nothing was said at the sentencing hearing that would support the contention of counsel's misrepresentation and defendant's concomitant misunderstanding. Similarly, scant support for defendant's claim is found in defendant's motion or the hearing conducted thereon. As already noted, defendant's motion merely states that his plea was entered under mistake.

Defendant neither testified at the hearing on the motion nor provided an affidavit; therefore, we have no direct evidence before us of what he understood or what his attorney informed him with regard to the interrelationship of the proposed concurrent sentences during appeal of the first case. Counsel's argument at the motion hearing that his and defendant's understanding was that defendant would be no worse off for pleading guilty than if he had stood trial and been found guilty is not supportive of the contention made on appeal. We decline to read any significance into the fact that counsel argued for a "clarification" of sentence which would require these two sentences to be treated as if they were one.

■■ The following statement of this court from *People v. Thompson*, 29 Ill. App. 3d 334, 338, 330 N.E.2d 535, seems equally appropriate to this case:

> "To allow the defendant to withdraw his guilty plea under the circumstances of this case would enable any defendant to withdraw his guilty plea merely by claiming that he harbored a mistaken assumption about an inducing reason of a plea agreement to which he had previously assented in open court."

On this record, the trial court did not abuse its discretion in refusing to allow defendant to withdraw his plea.

Affirmed.

EBERSPACHER and G. J. MORAN, JJ., concur.