THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
OLLIE SMITHEY, Defendant-Appellant.

Second District   No. 82—216

Opinion filed December 12, 1983.

G. Joseph Weller and Kyle Wesendorf, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Cherri A. Novak, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant, Ollie Smithey, entered a negotiated plea of guilty to the charge of armed robbery and was sentenced to the agreed term of imprisonment of 18 years. On appeal, the defendant contends that the trial court abused its discretion when it denied his petition to withdraw his guilty plea.

The State charged the defendant by information with the offenses of armed robbery and home invasion stemming from an incident in Winnebago County. After entering a plea of not guilty to both charges, the defendant entered into plea negotiations.

On the date scheduled for trial, the State's Attorney and defense counsel informed the court of the terms of the plea agreement. According to the State's Attorney, the defendant agreed to plead guilty to the count of armed robbery and receive a sentence of imprisonment of 18 years, with credit for time already served. In return, the State agreed to dismiss the home-invasion count and unrelated charges in Winnebago County, which consisted of home invasion and armed robbery and a fugitive-from-justice complaint based on an armed robbery in the State of Louisiana. The 18-year sentence in this case was to be made concurrent with any sentence he later received in Ogle County, in Wisconsin, or in Federal court. The defendant was promised that he would be transferred to Ogle County where he would receive an 18-year sentence on another armed robbery charge, which sentence would run concurrently with the one he received in the present case.

The State's Attorney also remarked that because the sentence in this case would be the first one entered, it was the other jurisdictions that would have to be willing to make their sentences concurrent with the present one. He remarked further that he was aware that the court could not make the instant sentence concurrent with something that had not happened yet. The court below stressed that it had no control over other courts.

The court below cautioned the defendant that, since it was the first court in a multi-jurisdiction plea negotiation to consider the

agreement, "if *** [the defendant is] tried in some other court, that then there's no agreement that can be made at this time in this court that will forbid another court from giving him a consecutive sentence." The defendant responded that he understood.

Defense counsel stated that the defendant was aware of the possibilities of sentencing in other jurisdictions and that those had been worked out. Counsel remarked further that the defendant "understood that you can't bind any other jurisdiction, but those, to my knowledge have been worked out, also." He also articulated that there had been negotiations in this case with Wisconsin, Ogle County, and the Federal government.

The court again explained to the defendant that the present plea agreement in Winnebago County did not mean that the defendant would not have to address the question of the imposition of concurrent or consecutive sentences in other courts. The defendant acknowledged that he understood the court's warning.

The court then recited the terms of the plea agreement as it understood them. The court stated that, according to the negotiated plea, the defendant agreed to plead guilty to the armed robbery count of the present information and would be sentenced to an 18-year term of imprisonment for that offense, while the State agreed to dismiss all other charges now pending against the defendant in Winnebago County. The defendant concurred with the court's recitation and interpretation of the plea agreement. Later, the court stressed that any sentence imposed in the present case applied only to the armed robbery to which the defendant pleaded guilty and not to any other crimes the defendant may have committed. The defendant expressed his agreement with the court's statement.

After hearing the factual basis and conducting other matters not germane to the issue raised on appeal, the court stated that it would concur in the plea agreement and accept it. At that point the following colloquy ensued:

"THE COURT: Has your lawyer or anyone else promised you anything except the promises contained in this plea agreement?

THE DEFENDANT: No Sir. Just that they would run concurrent with the federal—the charges going to be brought on me and I'd be serving my time in the federal penitentiary.

THE COURT: All right. Now that agreement is something that you and they must have going with the rest of them.

THE DEFENDANT: Yes Sir."

The court then emphasized that its actions could not bind other

jurisdictions; that after the plea agreement was carried out and after the defendant was sentenced to 18 years in the penitentiary, he would have to take his chances with the rest of the jurisdictions; and that if the defendant had any other agreement beyond the terms of the current plea agreement regarding action to be taken after he was sentenced in this case, the court had no control over that agreement or another court. The defendant stated that he understood the court's remarks. In addition, the court stated that while it had no control over another court's decision whether to impose a sentence concurrent with the one in this case, the court expressed its agreement with such a procedure and commented that it was the defendant's "expectation in those other courts that the sentence would be concurrent."

The defendant entered a plea of guilty to the armed robbery charge; the court accepted the guilty plea, entered a judgment of conviction, and sentenced the defendant to 18 years in the Illinois Department of Corrections. The court also advised the defendant of his rights to file a motion to vacate his guilty plea and to appeal if such a motion were denied.

Subsequently, on April 13, 1981, the defendant filed a *pro se* petition to withdraw his guilty plea pursuant to Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)). The petition alleged, among other things, that the defendant's attorney in Ogle County, Donald Manzullo, had coordinated multi-jurisdiction plea negotiations involving charges in Ogle and Winnebago Counties in Illinois plus pending charges in Alabama, Wisconsin, and Louisiana. He stated further that when he pleaded guilty in the present case, he was under the impression that all the jurisdictions mentioned above had agreed to go along with the plea bargain emanating from Ogle County. After he pleaded guilty, he learned that the State of Louisiana had refused to concur with the plea bargain offered by the Ogle County State's Attorney, Dennis Schumacher. He would not have agreed to plead guilty in the case at bar had he known that other jurisdictions would continue to prosecute him. In addition, the petition alleged (1) that an FBI agent had informed the defendant that, in the event Federal charges were brought against him, he "would see what could be done" about the defendant serving time in a Federal penitentiary concurrent with the State time being served, and (2) that the defendant was under the impression that the agent had the authority to bind the Federal government, "as opposed to merely making a suggestion that any federal time would be served concurrent with state time and any time to be spent would be spent in a federal penitentiary." He would not

have pleaded guilty to the charge in question if he had realized that the agent did not have the power to bind the Federal government.

Attached to the defendant's petition was a copy of a letter Mr. Schumacher sent to Attorney Manzullo in which the terms of a plea agreement were set forth. The letter, which was dated March 3, 1981, stated in part that the defendant would be sentenced to 18 years in the penitentiary, with the Winnebago County sentence to be served concurrently with the Ogle County sentence. The last paragraph of the letter related that "[a]ll other jurisdictions will dismiss their cases against the defendant." Those jurisdictions (which were unnamed) were to forward letters acknowledging that they would not conduct criminal proceedings against the defendant concerning their cases.

On October 13, 1981, the trial court held a hearing relative to the defendant's motion to withdraw his guilty plea. The defendant was not present at the hearing, and neither defense counsel nor the State presented any witnesses. The defendant's attorney produced a letter from his client which was dated July 27, 1981; the attorney summarized the defendant's letter as stating that Smithey pleaded guilty in the present case with the belief that the other jurisdictions would go along with the 18-year sentence imposed in Winnebago County and run their subsequent sentences concurrent with the instant one.

After arguments of the parties, and after reviewing the entire transcript of the earlier plea agreement proceedings in this case, the court below denied the defendant's motion to withdraw his guilty plea. Defendant appealed.

In this court, the defendant contends that the trial court abused its discretion when it denied the petition to withdraw his guilty plea that the defendant filed under Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)). He advances a two-fold argument in support of his assertion that he should have been allowed to withdraw his plea of guilty to the charge of armed robbery. He asserts first that the plea was induced by the State's promise, which has not been fulfilled, that all other jurisdictions currently contemplating prosecuting the defendant had agreed to the terms of the present plea agreement. Secondly, he avers that he entered the agreement under the misapprehension of two facts: (1) that all jurisdictions with charges pending against him, including the State of Louisiana, had agreed that he would receive an 18-year term of imprisonment; and (2) that he would serve his incarceration in a Federal penitentiary.

The State responds that the court below correctly denied the

defendant's petition to withdraw his guilty plea, because (1) the plea agreement as presented in court was followed scrupulously, and (2) the record negates the defendant's assertion that he misapprehended certain terms of the plea bargain.

The general principles of law governing the withdrawal of guilty pleas are well known. It is axiomatic that the defendant has no absolute right to withdraw his plea of guilty (*People v. Douthit* (1977), 51 Ill. App. 3d 758, 761; *People v. Thompson* (1975), 29 Ill. App. 3d 334, 336); rather, he bears the burden of demonstrating to the trial court the necessity of withdrawing his guilty plea (*People v. Galvan* (1980), 85 Ill. App. 3d 800, 804, *cert. denied* (1981), 450 U.S. 1001, 68 L. Ed. 2d 204, 101 S. Ct. 1710; *People v. Bovinett* (1979), 73 Ill. App. 3d 833, 835). The general rule is that it is within the sound discretion of the court below to determine whether a plea of guilty, once entered, may be withdrawn. (*People v. Hale* (1980), 82 Ill. 2d 172, 175-76; *People v. Benedetto* (1981), 102 Ill. App. 3d 10, 16; *People v. Nichols* (1981), 96 Ill. App. 3d 354, 356.) The defendant correctly notes that the well-established precept that a plea of guilty which was induced by the unfulfilled promise of the prosecutor loses its voluntary nature, will be considered void and, hence, must be vacated. (*Santobello v. New York* (1971), 404 U.S. 257, 262, 30 L. Ed. 2d 427, 433, 92 S. Ct. 495, 499; *People v. Pier* (1972), 51 Ill. 2d 96, 99; *People v. Robinson* (1978), 66 Ill. App. 3d 601, 603; *People v. Spurlock* (1974), 19 Ill. App. 3d 474, 475.) The withdrawal of a guilty plea should be allowed in circumstances where the plea resulted from the misapprehension of law or fact, or in cases where it appears the plea was entered as a result of a misrepresentation by counsel, the State's Attorney, or someone else in authority. *People v. Benedetto* (1981), 102 Ill. App. 3d 10, 16, and cases cited therein; *People v. Paul* (1981), 93 Ill. App. 3d. 302, 311.

■ The defendant first contends that the plea bargain agreement in this case contained the State's Attorney's promise that all other jurisdictions having charges pending against him agreed either to dismiss their charges or to make any sentences they imposed upon him concurrent and co-extensive with the 18-year term of imprisonment imposed in Winnebago County. After a review of this record, we believe the defendant has failed to establish the existence of the prosecutor's alleged promise.

Supreme Court Rule 402(b) (87 Ill. 2d R. 402(b)) requires that when a guilty plea is entered as a result of a plea agreement, "the agreement shall be stated in open court." One major objective of this requirement is "to give visibility to the plea agreement process and

thus provide the reviewing court with a record containing an accurate and complete account of all relevant circumstances surrounding the guilty plea." (Ill. Ann. Stat., ch. 110A, par. 402, Committee Comments, at 530 (Smith-Hurd 1976).) In the present case, the only terms of the plea agreement expressly set forth in the record at the hearing held on March 16, 1981, were that the defendant would plead guilty to the present armed-robbery charge and receive a sentence of imprisonment of 18 years. The defendant was also promised that he would receive an 18-year sentence in Ogle County on another armed-robbery charge and that the sentence imposed there would be concurrent with the one he received in the present case. In addition, the State concedes that the record reflects that the Wisconsin, Ogle County, and Federal authorities agreed, as part of the present plea bargain, to impose sentences concurrent with the instant 18-year term of imprisonment. Also, the State agreed to dismiss the home invasion count of the information in this case as well as unrelated charges of home invasion and armed robbery and a fugitive-from-justice complaint based on an armed robbery in Louisiana, all of which charges were currently pending in Winnebago County.

Based on the express terms of the agreement and our examination of the record, it is clear that the defendant's argument—that "[t]he record here plainly shows that the agreement between the defendant and the State of Illinois included the promise that all other states, including Louisiana, concurred in that agreement and thus the defendant would serve no more than 18 years on all charges"—is unfounded. We note that the defendant's citations to the record of the March 16, 1981, hearing do not support this position. There is no indication in the record that the State of Louisiana agreed to be bound by the terms of the plea agreement or that Louisiana was otherwise included in the agreement. While the defendant argues on appeal that Ogle County State's Attorney Schumacher and attorney Manzullo had reached an agreement that all States, including Louisiana, had concurred in the plea agreement and agreed that the defendant would serve no more than 18 years on all charges, we note that the defendant's motion to vacate did not contain an affidavit from either of those persons (see 87 Ill. 2d R. 604(d)). Furthermore, when the motion to withdraw was brought up for a hearing in the court below, the defendant did not request an evidentiary hearing on the motion or offer any further proof, by affidavit or otherwise, to support the allegations in his motion. It is well established that, as a minimum, the defendant must establish a factual basis for or give substance to his claim that the prosecutor reneged on a purported condition of the

plea agreement; a bare allegation to this effect is not sufficient. (*Cf.* *People v. Martin* (1978), 58 Ill. App. 3d 633, 638; *People v. Dumas* (1977), 50 Ill. App. 3d 637, 641.) Here, it is clear that the defendant made no serious effort to pursue further the bare claims made in his motion to withdraw the plea. In addition, the letter of March 3, 1981, from State's Attorney Schumacher to attorney Manzullo, standing alone, does not support the defendant's argument. Any plea bargain agreement between the defendant and Ogle County State's Attorney Schumacher did not necessarily form the express terms of the subsequent agreement in Winnebago County. Moreover, the letter of March 3 makes no specific reference to the State of Louisiana.

In light of the record in this case, it is manifest that the defendant's claim that the State breached a condition of the plea agreement is based solely on unsupported allegations. Accordingly, the defendant's claim that he is entitled to withdraw his guilty plea due to an unfulfilled promise is devoid of merit and must be rejected.

■ The defendant's second and alternate contention is that, even if the State fulfilled all the terms of the plea agreement, he nevertheless should have been permitted to withdraw his guilty plea because he was laboring under two misapprehensions of fact: (1) that all jurisdictions with charges pending against him, including the State of Louisiana, had agreed that he would receive an 18-year term of imprisonment; (2) that he would serve his incarceration in a Federal penitentiary.

The well-settled doctrine in this State is that mistaken subjective impressions, in the absence of substantial objective proof showing that they were reasonably justified, do not provide sufficient grounds upon which to vacate a guilty plea. The defendant bears the burden of establishing that the circumstances existing at the time of the plea, judged by objective standards, justified the mistaken impressions. (*People v. Hale* (1980), 82 Ill. 2d 172, 176; *People v. Cohn* (1980), 91 Ill. App. 3d 209, 214-15.) Similarly, the fact that the defendant entered a guilty plea under a misapprehension that was not induced by the State or the judge's conduct is an insufficient ground for the withdrawal of a guilty plea. *People v. Cohn* (1980), 91 Ill. App. 3d 209, 214; see *People v. Paul* (1981), 93 Ill. App. 3d 302, 313; *People v. Ryan* (1979), 74 Ill. App. 3d 886, 890.

■ With respect to the question of the imposition of concurrent sentences, the record clearly establishes that the Winnebago County State's Attorney did not promise that Louisiana would be bound by the terms of the plea agreement. Nor is there any evidence in the record that any representative of the State or the court itself induced

the defendant's unfounded belief regarding the imposition of a concurrent sentence in Louisiana. Furthermore, based on our reading of the entire record, it is abundantly clear that the defendant has not provided any objective evidence that reasonably justified his mistaken impression of the substance of the plea agreement. Lastly, although the defendant's attorney read from the defendant's letter of July 27, 1981, at the hearing on the petition to withdraw, the defendant neither testified at the hearing on his petition to withdraw his guilty plea nor provided an affidavit; thus, this court had no *direct evidence* of what the defendant understood at the time of the plea agreement. See *People v. Douthit* (1977), 51 Ill. App. 3d 758, 763.

■ We turn lastly to the defendant's contention that he was under the impression that, as part of the plea agreement, he would be incarcerated in a Federal penitentiary. The record reflects that the question of incarceration in a Federal penitentiary was discussed in the court below prior to the time the court accepted the defendant's negotiated plea. At one juncture, when the trial court inquired about the involvement of the Federal courts, the defendant acknowledged that no Federal charges were pending against him. At the same time the defendant's attorney remarked that the Federal court was involved only as far as where the defendant will be serving his time. Shortly thereafter, the following colloquy took place:

> "THE COURT: Has your lawyer or anyone else promised you anything except the promises contained in this plea agreement?
>
> THE DEFENDANT: No Sir. Just that they would run concurrent with the federal—the charges going to be brought on me and I'd be serving my time in the federal penitentiary.
>
> THE COURT: All right. Now that agreement is something that you and they must have going with the rest of them.
>
> THE DEFENDANT: Yes Sir."

Later, the defendant inquired when the Federal authorities would get him; the court responded that it did not know if they ever would. On two occasions, the court below informed the defendant that if it accepted the negotiated plea of guilty, the court would sentence him to 18 years' imprisonment in the Department of Corrections. The defendant responded that he understood. Subsequently, the court sentenced the defendant to an 18-year term in the Illinois Department of Corrections.

In this case, although there was discussion of a possible sentence in the Federal penitentiary, we do not believe that either the court or the State's Attorney induced or encouraged the belief that the

defendant would be placed in a Federal prison as part of the current plea agreement. In the case at bar, the State's Attorney, although not objecting to the defendant's statement that he would serve his time in a Federal correctional institution, did not encourage the defendant's belief by indicating the defendant's remark, if it related to his place of imprisonment in this case, was true. (Compare *People v. Wadlington* (1979), 78 Ill. App. 3d 1072, 1078.) Furthermore, given the facts (1) that the defendant acknowledged that no Federal charges were currently pending against him, (2) that the court admonished the defendant that it would sentence him to 18 years in the Department of Corrections (see *People v. Matthews* (1974), 17 Ill. App. 3d 395, 400, *aff'd* (1975), 60 Ill. 2d 123) and (3) that it then sentenced him to the Illinois Department of Corrections, the defendant has failed to satisfy his burden of demonstrating that the facts and circumstances existing at the time of the plea, when judged by objective standards, justified his mistaken impression regarding the place of imprisonment. We note also that that part of the defendant's motion to withdraw his plea that related to the question of incarceration in a Federal penitentiary is based totally on bare, unsupported allegations regarding a discussion with an FBI agent. Similarly, the defendant did not present an affidavit as part of the motion and did not proffer any testimonial evidence at the hearing on the motion relative to the question of his purported misapprehension of the location of incarceration as a result of his discussion with the agent.

In view of the above analysis and the whole record in this case, the defendant has failed to establish that he was entitled to withdraw his plea of guilty on the ground that he misapprehended the two facts discussed above.

The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

LINDBERG and NASH, JJ., concur.