THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GREG J. TURLEY, Defendant-Appellant.

Second District    No. 2—87—0360

Opinion filed September 15, 1988.

G. Joseph Weller and Patrick M. Carmody, both of State Appellate Defender's Office, of Elgin, for appellant.

Robert F. Casey, State's Attorney, of Geneva (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Greg J. Turley, appeals from the denial of his motion to withdraw his guilty plea, pursuant to Supreme Court Rule 604(d) (107 Ill. 2d R. 604(d)), which was entered on the charge of burglary (Ill. Rev. Stat. 1985, ch. 38, par. 19—1). Defendant was sentenced to a term of seven years. A timely notice of appeal was filed. We affirm.

Defendant was charged in Kane County in a three-count indictment. Count I charged burglary (Ill. Rev. Stat. 1985, ch. 38, par. 19—1), count II charged theft of a 1966 Chevrolet two-door Corvette having a total value in excess of $300 (Ill. Rev. Stat. 1985, ch. 38, par. 16—1) and count III charged escape (Ill. Rev. Stat. 1985, ch. 38, par. 31—6(a)).

The parties presented a plea agreement to the court wherein defendant agreed to plead guilty to the charge of burglary, count I, and the State agreed to nol-pros count II (theft) and count III (escape).

The court asked for the factual basis, and the State indicated that if the cause were to proceed to trial, Mr. George J. Goding would testify that he was doing business as the Goding Amoco, at 1150 Prairie, Aurora, Kane County, Illinois. He would further state that on the evening of October 23, 1986, he had departed the gas station and locked it and provided no one with permission to enter the building subsequent to his departure.

The State would also introduce evidence that the Kane County po-

lice department received a report that a burglary was in progress at Mr. Goding's gas station, and further investigation revealed that an automobile had been taken from the station. Subsequent to a high-speed chase the automobile was recovered, and the personal effects of defendant were discovered therein. The State would also introduce evidence that defendant was eventually apprehended at which point he made admissions to the Kane County sheriff's police, wherein he admitted his participation in the burglary.

On that factual basis, and after inquiring to establish defendant's understanding and agreement, the court accepted defendant's guilty plea, and counts II and III were nol-prossed. The matter was continued for sentencing.

On the date set for sentencing, the court was informed that defendant had filed a motion to withdraw his guilty plea. The motion involved the previously dismissed theft count as part of the plea negotiation. Defense counsel represented to the court that shortly after its acceptance of defendant's guilty plea, Will County charged defendant with that same theft. The State's Attorney disputed that Will County had placed the charge subsequent to defendant's plea of guilty. He asserted that it had been pending during the entire period of negotiation. The cause was eventually continued for a full hearing, which was conducted on April 8, 1987. After hearing the arguments of counsel, the court denied defendant's motion to withdraw his guilty plea.

On April 16, 1987, subsequent to hearing a witness and arguments of counsel the court imposed a seven-year term of incarceration. A timely notice of appeal was filed on April 17, 1987.

Defense counsel represents that the burglary and theft of the Corvette in Kane County resulted in a high-speed chase into Will County. Defendant when apprehended was processed by the Kane County authorities. A Will County criminal complaint was sworn to on October 28, 1986, and charged defendant with the offense of possession of a stolen vehicle, a 1966 Chevrolet Corvette. (Ill. Rev. Stat. 1985, ch. 95½, par. 4—103(a)(1).) It was filed in open court in Will County on April 8, 1987. The parties apparently agree that neither the State's Attorney of Kane County, defendant, nor defense counsel were aware of the Will County charge when the plea agreement was presented in Kane County. Shortly after the plea was presented in Kane County, defendant was transported to Will County and charged.

Defendant's motion to withdraw his guilty plea in pertinent part alleged:

"(3) That, subsequent to the entry of the guilty plea, the Defendant was transported to Will County, and charged with

the offense of theft growing out of the facts and circumstances charged in Count II of 86 CF 916, namely the theft of a Corvette.

(4) That the prosecution of the Defendant for the offense of the theft constitutes a violation of the Defendant's plea agreement entered into before this court on or about February 23, 1987."

■ The decision to allow a defendant to withdraw his plea of guilty rests within the discretion of the trial court and will not be disturbed on appeal unless there is an abuse of discretion. *People v. Kraus* (1984), 122 Ill. App. 3d 882, 888.

Defendant argues that the trial court abused its discretion in refusing to allow defendant to withdraw his negotiated guilty plea where subsequent to that plea defendant discovered that he had been charged in a second county with the same offense which had been dismissed as a result of the guilty plea negotiation in the first county. In support of his argument, defendant contends that he was not aware of the material facts (Will County charge) before entering his guilty plea. Defendant argues that he reasonably believed that by pleading guilty to burglary, the State of Illinois would forego prosecution of the theft of the Corvette. He asserts that he was completely unaware of the pending Will County charges or even the possibility of such charges when he pleaded guilty. This misapprehension of the facts and/or law and the surprise when discovering that there were other charges amounted, in his opinion, to less than a voluntary plea of guilty.

■ Citing *People v. Jameson* (1944), 387 Ill. 367, defendant contends the trial judge abused his discretion. The Illinois Supreme Court in *Jameson* set out the considerations which should guide the exercise of the trial court's discretion whether to allow the withdrawal of the guilty plea. The court stated:

"The discretion of the trial court to permit the withdrawal of the plea of guilty is a judicial discretion which should always be exercised in favor of innocence and liberty. The law favors a trial upon the merits by jury, and all courts should so administer the law and construe the rules of practice as to secure a hearing upon the merits, if possible. The least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient cause to permit a change of the plea from guilty to not guilty. The withdrawal of the plea of guilty should not be denied in any case where it is evident that the ends of justice will be served by permitting the plea of not

guilty in its stead." *Jameson*, 387 Ill. at 375.

The State asserts that defendant's contention cannot be accepted under the facts of this case. The Will County charge was already pending at the time of the plea negotiations in Kane County, a fact the Kane County prosecutor did not know. According to the State, the only charges addressed in the plea negotiations were Kane County charges. There is no evidence that either the State or defendant considered the Will County charge as being part of the Kane County plea agreement. As the prosecutor did not make any negotiated deal in regard to any case pending in any other county, the State fails to see how defendant could claim that he misunderstood the situation or misapprehended any material facts before entering his guilty plea.

■ The State maintains, and defendant agrees, that the Kane County prosecutor did not have the authority to make a promise regarding pending charges in another county. See *People v. Woods* (1988), 169 Ill. App. 3d 126, 130; *People v. Centanni* (1987), 164 Ill. App. 3d 480, 490-93; *People v. Staten* (1987), 158 Ill. App. 3d 971, 981.

In *Centanni*, we specifically rejected defendant's claim that a State's Attorney for one county functions as an agent of the State and can dismiss or agree to nol-pros charges outside his jurisdiction. (*Centanni*, 164 Ill. App. 3d 480; see also *Staten*, 158 Ill. App. 3d at 981.) Even if the prosecutor had actually been aware of the pending charge in Will County, he had no authority to include that pending charge in the Kane County plea agreement, regardless of court approval. *Woods*, 169 Ill. App. 3d at 130.

■ Initially, we find *People v. Cosby* (1985), 137 Ill. App. 3d 854, 859, instructive:

"Normally, a defendant seeking reversal of a trial court's decision denying a motion to withdraw a guilty plea must establish that (1) the guilty plea was attributable to a misapprehension of law or fact on his part; (2) he has a defense to the charge(s) worthy of consideration; or (3) there is doubt as to his guilt, and the ends of justice would be better served by a trial of the cause."

■ We first consider whether the guilty plea was attributable to a misapprehension of law or fact on defendant's part. We note that at the hearing on the motion no evidence was presented as to defendant's state of mind on the date of the plea and that the motion is signed by defense counsel and unsupported by affidavit. According to Supreme Court Rule 604(a), when the motion is based on facts that do not appear of record it shall be supported by affidavit. (107 Ill. 2d R.

604(d).) There seems to be no disagreement that defendant did not know of the Will County charge, although there is no evidence in the record to support that argument.

■ The issue formed by the motion is that prosecution of defendant for the offense of theft constitutes a violation of the plea agreement. The argued misapprehension by defendant is not raised in the motion. Supreme Court Rule 604(d) dictates that upon appeal any issue not raised by the defendant in the motion to withdraw the plea of guilty and vacate the judgment shall be deemed waived. (107 Ill. 2d R. 604(d).) Notwithstanding the failure to properly raise the issue of misapprehension in the motion, it was fully argued to the trial court and ruled upon, and we deem it in the interest of justice to consider it.

■ We set forth the basic doctrine on mistaken impressions in *People v. Smithey* (1983), 120 Ill. App. 3d 26, 33:

"The well-settled doctrine in this State is that mistaken subjective impressions, in the absence of substantial objective proof showing that they were reasonably justified, do not provide sufficient grounds upon which to vacate a guilty plea. The defendant bears the burden of establishing that the circumstances existing at the time of the plea, judged by objective standards, justified the mistaken impressions. [Citations.] Similarly, the fact that the defendant entered a guilty plea under a misapprehension that was not induced by the State or the judge's conduct is an insufficient ground for the withdrawal of a guilty plea."

In *Smithey*, the defendant contended that he should be allowed to withdraw his guilty plea because he was laboring under two misapprehensions of fact: (1) that all jurisdictions had agreed on the sentence; (2) that he would serve his incarceration in a Federal penitentiary. (*Smithey*, 120 Ill. App. 3d at 30.) In that case, there had been multi-state negotiations, but there was no indication in the record that one of the jurisdictions had agreed. (*Smithey*, 120 Ill. App. 3d at 32.) In *Smithey*, there was no supporting affidavit and no evidentiary hearing on the motion or offer of proof, by affidavit or otherwise, to support the allegations in the motion. *Smithey*, 120 Ill. App. 3d at 32.

■ The court made it quite clear that, as a minimum, the defendant must establish a factual basis for or give substance to his claim that the prosecutor reneged on a purported condition of the plea agreement; a bare allegation is not enough. 120 Ill. App. 3d at 32.

■ In the case before us, we have searched the record and can find no support for defendant's allegation that the State's Attorney for Kane County violated the plea agreement. There is also no sup-

port for a finding that the State or the judge induced a misapprehension, and no such allegation was made.

We are left then with an argued mistaken subjective impression of defendant unsupported by any evidentiary basis other than the State's apparent agreement with defendant that no one in Kane County (including defendant) knew of the pending Will County charges.

We find that a misapprehension that was not induced by the State or the judge's conduct is an insufficient ground for withdrawal of a guilty plea. *Smithey*, 120 Ill. App. 3d at 33.

Defendant was aware of the high-speed chase and arrest in Will County (as argued by his counsel), and there is no reasonable justification for defendant's mistaken subjective impression that he only had to account to Kane County. The agreement was to nol-pros count II (theft) in Kane County, and no mention was made of possession in Will County. Defendant bears the burden of demonstrating any alleged misunderstanding or misrepresentation. *People v. Kraus* (1984), 122 Ill. App. 3d 882, 888.

■■ We also find that *Cosby* sets out two additional elements that defendant might establish to support his motion. They are that he has a defense worthy of consideration or there is doubt as to his guilt, and the ends of justice would be better served by a trial of the cause. (*Cosby*, 137 Ill. App. 3d at 859.) Defendant does not assert any doubt or defense as to his guilt, and it is evident from the record that he is guilty of the burglary.

In light of our foregoing analysis, we find no abuse of discretion on the part of the trial court and therefore affirm its order denying defendant's motion.

Affirmed.

DUNN and REINHARD, JJ., concur.